Mr. Justice GRIER
 

 delivered the opinion of the court.
 

 Donovan wás defendant below in an action for a balance of accounts claimed as due by him to the firm of Owen & Ihmsen. This claim had been transferred by that firm to one Frederic Lorenz, and, after his death, transferred to Ihmsen, the plaintiff below.
 

 The cause was tried, by consent of parties, without the intervention of a jury; consequently, the exceptions to the admission of testimony áre irregular, and need not be particularly noticed. Besides, we can see no good ground of objection to the evidence of confessions and admissions of a party, consisting of accounts rendered in a, former controversy on the same subject, before arbitrators. The award itself was not received by the court as evidence of the amount of debt due, because it had been set aside, for some «regularity.
 

 The objections to the admission of the paper showing the transfers of the account were equally without foundation. By the law of Pennsylvania; where these transfers were made, Ihmsen would have an equitable interest in the account; but in that State the mere equitable assignee of an account would not-sue in his own name, such
 
 chose in action
 
 not being, assignable at common law. There the suit would have been brought in the name of Owen & Ihmsen, the original creditors, for the use of Lorenz, Ihmsen, or any other person holding the equitable right to the. account. But in Louisiana, where, by the rule of the civil law, th* re is no such distinction between the legal and equitable title, Ihmsen,- as equitable owner, could
 
 *396
 
 ■sustain the suit in his own name, and the assignments admitted to .prove his title were properly received.
 

 ' This case was tried at April term, 1856. The president judge has reported his finding of the facts, and his judgment thereon. Some six months afterward, the defendants below 'made up a statement of facts, (to which the plaintiff refused his assent,) and presented it to the district judge, and demanded that he should seal a bill df exceptions. This the judge properly refused to do, but signed a bill of exceptions taken to his'decision refusing to sign one. This novelty in practice requires^ no further notice.
 

 The only question of law arising on the facts of this case as reported by the court was on the plea of prescription. On this point, the court gave their opinion as follows:
 

 “Without considering the questi'ons whether the .account in this case is an open account, within the meaning of the statute of Louisiana, or whether the statute operates upon demands, that were subsisting at its date, our conclusion is, that the proceedings in the. fourth District Court, relative to the award, were an .interruption of that prescription. There was a suit pending between the parties, the present defendant being the plaintiff, which embraced a portion of the matter of this controversy. It was competent to the defendants, by instituting a -demand, in reconvention, to bring up the whole of the controversy for a settlement in that suit; and if that had been done, a -legal interruption would have resulted within the 3484th, 3485th sections of the civil code. (Dreggs
 
 v.
 
 Morgan, 10 Rob., 120.) This was not formally done on the record, but the parties did, by consent, that which we are bound to consider as having an equivalent value.
 

 “ They came to an agreement that arbitrators selected by them should have the power to decide who was the creditor of the contesting parties, to settle finally (‘ without appeal ’) the amount due on either part, and that the attorney of either party might move for judgment on this award. It is clear, that-had the 'arbitrators proceeded regularly, and a judgment been rendered upon it, that no exception eotild have been taken to. the condition of the pleadings in the pending suit, or that there
 
 *397
 
 nad not;been a demand in reeonvention. The consent in the submission agreement implied a waiver of all pleadings of that nature, and was a release of all errors in the preliminary stages of the suit. Donovan appeared in the District Court, and successfully resisted a motion for judgment upon the award rendered. But the code does not require that a suit should be successfully prosecuted to operate as an interruption of prescription. (Trop. de Pres., sec. 561; Dunn
 
 v.
 
 Kinney, 11 Rob., 247; Baden
 
 v.
 
 Baden, 4 Ann., 468.”)
 

 We see no error in this statement of the law, and consequently affirm the judgment with costs.