FRED ESCH v. LIZZIE GRAUE.

FILED DECEMBER 7, 1904.  No. 13,682.

1. **Bastardy: TRIAL.** It is not error for the court, on the trial of a bastardy case, to refuse to order or cause to be removed from the court room a child less than five months old, brought by the prosecutrix with her to the witness stand, where such child was not exhibited to the jury, and no comparison was made between it and the alleged father.

2. **Testimony of Prosecutrix.** In such a case, the testimony of the prosecutrix that she was the mother of a bastard child; that it was born on a certain date; that it is a girl, and the accused is its father, together with the fact that she brought a child with her to the witness stand, is sufficient to warrant the inference that such child was born alive, and was living at the time of the trial.

3. **Evidence** examined, and *held* sufficient to sustain the verdict.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Rose & Comstock,* for plaintiff in error.

*Billingsley & Greene* and *R. H. Hagelin, contra.*

BARNES, J.

Fred Esch, hereinafter called the plaintiff, prosecutes error from a judgment of the district court for Lancaster county, by which he was found to be the father of the bastard child of Lizzie Graue, and was adjudged to pay $100 a year for 10 years, and the sum of $50 a year for 4 years thereafter for its support, together with the costs of the prosecution.

1. It is contended by the plaintiff that the court erred in allowing the child in question to remain in the court room during the trial. It appears that the prosecutrix came into court with the child, which was less than 5 months old, in her arms; that nothing was said about the matter until the close of the plaintiff's evidence, and at a time when the cries of the child disturbed the counsel in his examination of one of the witnesses. He then objected to its presence, and a controversy between counsel arose over the matter. It does not appear that the child was exhibited to the jury, or that the attention of that body was in any way called to it, except as above stated. The jury made no comparison to ascertain whether there was any resemblance between the child and its putative father. It does appear, however, that one of the attorneys for the prosecution made a remark calculated to convey the impression that the child looked like the plaintiff in error, but the remark being excepted to the court said: "The exception is well taken. The child has not been introduced in evidence, and its appearance is not to be considered by the jury, and you should not consider the statement made by counsel." This left the plaintiff

no cause of complaint, so far as that matter was con-
cerned.

As the record stands, we are called upon to determine
whether the mere presence of the illegitimate child in the
court room, and the fact that it was in sight of the jury,
calls for a reversal of the judgment. In other words, did
the court err in refusing to order the child removed from
the court room. In the case of *Hanawalt v. State*, 64
Wis. 84, the court said:

"In bastardy proceedings the bastard child may not be
exhibited to the jury for the purpose of showing by its
likeness to the defendant that it is his child."

This rule seems to have been approved by us in *Ingram
v. State*, 24 Neb. 33. In fact it is believed that the great
weight of authority now holds that a child less than 2
years of age may not be exhibited to the jury for the pur-
pose of showing its likeness to the defendant in a bastardy
proceeding. It will be observed that in this case no such
exhibition was in fact had, and it appears that the court
made a finding to that effect on the hearing of the motion
for a new trial, where that question was presented. So
we hold that the case of *Hutchinson v. State*, 19 Neb. 262,
states the correct rule. In that case it was held not error
for the trial court to refuse to order or cause to be re-
moved a seven months' old child brought by the prosecu-
trix to the witness stand, there being no reference made
to it during the trial or argument, and no comparison
being made between it and the alleged father. This dis-
poses of plaintiff's first ground of error.

2. It is further contended that the evidence in this case
is not sufficient to sustain the verdict or finding that the
plaintiff herein was the putative father of the child in
question; and the particular ground of this contention is
that no evidence was introduced to show that the child
was born alive, or was living at the time of the trial. It
seems somewhat singular that this question should be
urged and presented after the strenuous argument of the
plaintiff's counsel that the child should have been ex-

49

cluded from the court room, and should not have been permitted to be in a place where it might be even seen by the jury. But we are disposed to give this contention our serious consideration. The prosecutrix testified on that question as follows:

Q. Are you the mother of the child that has been born?
A. Yes, sir.
Q. When was the child born?
A. 27th of July.
Q. Of this year?
A. Yes.
Q. Is it a girl or a boy?
A. It is a girl.
Q. Who is the father of that child?
A. Fred Esch.

This testimony considered with the fact that the prosecutrix appeared in court with the child in her arms, and no question was raised as to whether or not it was alive, when born, and living at the time of the trial, until after the verdict was rendered, would seem to be sufficient to sustain said verdict. Again, in *Priel v. Adams,* 3 Neb. (Unof.) 305, we announced the following rule: "In a prosecution for bastardy when it is proven that a child was born upon a certain day it may be inferred that it was born alive." This seems to conclusively settle the question.

No other errors are assigned or argued in the brief of the plaintiff, and, as the evidence on all other questions is sufficient to sustain the verdict, it follows that the judgment of the trial court was right, and should be affirmed.

For the reasons above stated, the judgment of the district court is

AFFIRMED.