HOWARD v. ILLINOIS CENTRAL RAILROAD COMPANY.

[No. 23,144. Filed February 13, 1907.]

1. EMINENT DOMAIN.—*Complaint.*—*Presenting Questions of Law.*—*Exceptions.*—In a condemnation proceeding an exception may serve the place of a demurrer by presenting an issue of law, or it may serve the purpose of an answer by presenting

an issue of fact, and exceptions challenging the right of plaintiff to exercise the power of eminent domain on the ground that the complaint shows it to be a foreign corporation present a question of law and test the sufficiency of the complaint. p. 90.

2. EMINENT DOMAIN.—*Exercise of Power by Foreign Corporation.*—*Statutory Authority.*—*Allegation and Proof.*—A foreign corporation seeking to exercise the power of eminent domain must point out a statute giving it such right and allege and prove that it comes within the conditions prescribed therein. pp. 90, 92.

3. EMINENT DOMAIN.—*Foreign Corporations.*—*Exercise of Power.*—*Statute.*—Under §5327 Burns 1914, Acts 1861 p. 49, providing that where a part of any railroad situated within this State a part of which is situated in another, becomes vested in a corporation of such other state, and such corporation shall also acquire the part of such railroad situated in the other state, the foreign railroad corporation acquires the power of eminent domain in this State. pp. 91, 92.

4. APPEAL.—*Evidence.*—*Review.*—The court, on an appeal from a judgment rendered in a condemnation proceeding, will not weigh conflicting evidence on the question as to whether plaintiff made a good-faith effort to purchase the land sought to be condemned. p. 93.

From Marion Superior Court (102,762) ; *V. G. Clifford,* Judge.

Action by the Illinois Central Railroad Company against Michael E. Howard. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Thomas D. McGee,* for appellant.

*J. Olias Vanier* and *Hays & Hays,* for appellee.

LAIRY, C. J.—This is an appeal from an interlocutory order appointing appraisers in a condemnation suit brought by appellee company to appropriate certain real estate belonging to appellants for the use of appellee company in elevating its tracks in the city of Indianapolis in obedience to and in conformity with an order of the board of public works of that city.

The complaint shows that the land described and sought to be appropriated is necessary to furnish appellee with a right of way to enable it to connect its

tracks with the Indianapolis Union Railway and that the proposed changes in the right of way are in accordance with the resolutions of the board of public works of said city.

The questions presented can be understood without an extensive statement of the facts alleged in the complaint. Appellant by his first, second and third

1. exceptions filed below challenge the right of appellee to exercise the power of eminent domain upon the ground that it is not a corporation organized under the laws of this state, but, on the contrary that the complaint shows it to be a foreign corporation organized under the laws of the state of Illinois. These three exceptions present a question of law and serve the purpose of a demurrer in testing the sufficiency of the complaint. In a proceeding of this kind an exception may serve the place of a demurrer by presenting an issue of law or it may serve the purpose of answer by presenting an issue of fact. *Toledo, etc., Traction Co.* v. *Toledo, etc., R. Co.* (1908), 171 Ind. 213, 86 N. E. 54.

It is asserted that a foreign corporation cannot exercise the power of eminent domain in this State unless such power is expressly conferred by a statute

2. of this State. The authorities generally seem to sustain appellant's contention. *Kinney* v. *Citizens Water, etc., Co.* (1909), 173 Ind. 252, 90 N. E. 129, 26 L. R. A. (N. S.) 195; *Illyes* v. *White River Light, etc., Co.* (1910), 175 Ind. 118, 93 N. E. 670; *Postal Tel. Cable Co.* v. *Cleveland, etc., R. Co.* (1899), 94 Fed. 234; 15 Cyc 573. There is no statute conferring on foreign corporations generally the right to condemn lands in this State. Appellee seeks in this proceeding to assert the power and so it is required to point out a statute which, under certain conditions, confers the power on a foreign corporation, and to allege and prove that it comes within the conditions prescribed by such statute.

Howard *v.* Illinois, etc., R. Co.—186 Ind. 88.

The attention of the court is called to an act of March 5, 1861 (Acts 1861 p. 149, §5325 *et seq.* Burns 1914.) Section 1 of this act provides that where a railroad situated wholly or partly within this state is sold under foreclosure proceedings or by virtue of any power contained in a mortgage, and where such property is purchased by trustees representing the stockholders and creditors, the purchaser or purchasers of the same may form a corporation by following the steps provided. Section 2 of the act provides that the corporation thus formed shall possess all the powers, rights, privileges immunities, faculties and franchises in respect to said railroad or part thereof purchased that were possessed or enjoyed by the corporation which owned or held the said railroad previous to such sale, by virtue of its charter or amendments thereto, or other laws of the State, or any State not inconsistent with the laws of this State in which any part of such railroad is situate. It is clear that where railroad property situated wholly or partly within this State passes into the hands of a corporation as provided by §1 of this act, such corporation would possess the powers of eminent domain if the corporation which owned it before the sale possessed such power.

Section 3 of the same act, *supra,* being §5327 Burns 1914, provides that, in case the part of any railroad situate within this state (a part of which is situate in another state) shall become vested in a corporation of such other state, and such corporation shall also acquire a part of such railroad situate in such other state, the said corporation may exercise and enjoy within this State, for the purpose of the railroad and its business, so far as it may be endowed by the laws of the state of its creation with capacity to do so, all of the powers, rights, faculties, immunities,

and franchises enumerated in the preceding section. This section seems to confer on foreign corporations under the conditions stated therein the power of eminent domain, as that power was clearly conferred by the preceding section on corporations that might be organized pursuant to the provisions of that section. By the allegations of its complaint, appellee corporation brings itself within the conditions enumerated in §3 of the act under consideration, and it must be held that it was clothed with the power of eminent domain in this state by virtue of the act in question.

Appellant asserts that the act of 1861, to which reference has been made, does not confer the right of eminent domain upon foreign corporations under any circumstances or conditions; but that the act contemplates the formation of a new domestic corporation by purchasers under a foreclosure sale of railroad property, and that the power is conferred only upon such corporation when so organized. The construction placed upon the act by appellant would be justified if only the first and second sections were considered, but the third section goes further and provides that the same powers are conferred upon railroad companies incorporated under the laws of an adjoining state, where such company becomes vested with the title to railroad property located partly within this State and partly in the state in which such company was incorporated. It is undoubtedly the law as claimed by appellant, that a corporation seeking to exercise the sovereign power of eminent domain in this State must show as a prerequisite that such power has been conferred upon it by a statute of this State. Morrison v. Indianapolis, etc., R. Co. (1905), 166 Ind. 511, 76 N. E. 961, 77 N. E. 744, 9 Ann. Cas. 587. The court has no disposition to relax the rule as stated; but the

holding is that statutory power exists under the conditions shown in this case.

The question as to whether appellee had made a *bona fide* effort to purchase the real estate sought to be condemned was one of fact for the decision of the trial court. This issue was presented by the fourth exception and was decided adversely to appellant. There is some evidence as to an effort on the part of the company to agree with the owner as to the value of such land, and this court is not authorized to weigh the evidence or to determine the question of good faith contrary to the decision reached by the trial court.

4.

In view of the conclusion reached on the principal question involved on this appeal, the questions sought to be presented with reference to the erroneous admission of evidence becomes unimportant. Judgment affirmed.

NOTE.—Reported in 115 N. E. 50. Eminent domain: power of a foreign corporation to exercise right, Ann. Cas. 1915 C 929, 15 Cyc 574; what public uses justify the exercise of the right, 22 Am. Dec. 686.