PRIDDY et al., Plaintiffs in Error, v. MINERVA J. HAYES.

**Division One, May 29, 1907.**

1. **BILL OF EXCEPTIONS: Presented Out of Time.** The trial court cannot properly authenticate a bill of exceptions after the time allowed in which to file the same has expired, and a bill filed out of time presents nothing for review by the appellate court, on either appeal or writ of error. And the rule is the same, where the trial court had refused to approve a bill presented within time and refused to make known to appellant its objections to the bill so presented and refused to permit appellant's counsel to see the objections indorsed thereon and refused to extend the time in which to present another bill, and that other bill is the bill filed out of time and presented to this court as its guide in reviewing the case.

2. ———: ———: **Refusal to Approve.** A second bill of exceptions, presented after the time for filing a bill had expired and after a refusal to extend the time, containing exceptions to the court's refusal to sign the bill previously presented, cannot be considered by the appellate court, because if the refusal was improper, it cannot be corrected by appeal or writ of error. Mandamus is the remedy, and that remedy may, because of laches in applying for the writ, be denied.

Error to Jackson Circuit Court.—*Hon. James Gibson,*
Judge.

AFFIRMED.

*S. P. Forsee, W. C. Forsee* and *H. H. McCluer* for
plaintiffs in error.

(1) The filing by Judge Gibson, on December 5,
1903, of the bills of exceptions with his objections at-
tached thereto, made it a part of the record in the cases,
to be reviewed in this court. ''The statements in the
bills are assumed to be true, notwithstanding the state-
ment of the court that they are not true.'' Norton v.
Dorsey, 65 Mo. 376; State v. Snyder, 98 Mo. 562; sec.
732, R. S. 1899. The bills of exceptions filed by Judge
Gibson December 5, 1903, were true bills of exceptions,
and have been so held to be, by this court, in State ex
rel. v. Gibson, 184 Mo. 507. Hence, we have true bills
of exceptions signed and filed by the trial judge, within
the time by him allowed for the filing of bills of ex-
ceptions in these cases. (2) The bills of exceptions
filed December 22, 1903, to the action of the court in
refusing to extend the time, on December 5th, to set-
tle and file the bills of exceptions to matters occurring
prior to December 5th, are unobjectionable in every
respect, and for the errors therein recited, the cases
ought to be reversed. The action of the court, and de-
fendant's counsel, in refusing to disclose their objec-
tions to the bills of exceptions filed by Judge Gibson
December 5, 1903, created suspicion, which should
require a reversal of the cases. Norton v. Dorsey, 65
Mo. 377.

*C. O. Tichenor, O. H. Dean* and *Lathrop, Morrow,
Fox & Moore* for defendant in error.

There being no bill of exceptions on the proceed-
ings had at the trial of the cause, the court can consider

nothing but the record proper. Sec. 728, R. S. 1899; Wolf v. Ward, 104 Mo. 127; Stearns v. Railroad, 94 Mo. 317; State v. Alred, 115 Mo. 471; State v. Appernon, 115 Mo. 470; State ex rel. v. Gates, 143 Mo. 63; State v. Simmons, 124 Mo. 443; Bank v. Barker, 145 Mo. 356; Dorman v. Coon, 119 Mo. 68; Danforth v. Railroad, 123 Mo. 196; Fulkerson v. Murdock, 123 Mo. 292; Graham v. DeGuire, 154 Mo. 88; State v. Hall, 164 Mo. 528; State ex rel. v. Gibson, 184 Mo. 490; State ex rel. v. Gibson, 187 Mo. 536; State v. Nave, 185 Mo. 125; Marshall v. Ferguson, 78 Mo. App. 645; Pace v. Roberts, etc., Co., 103 Mo. App. 662.

WOODSON, J.—This is one of the eight cases mentioned and referred to in the case of Priddy et al. v. MacKenzie et al., decided at the present term, 205 Mo. 181.

This case and that one were, by stipulation of counsel, argued and submitted together. Prior to making that stipulation, counsel, in writing, agreed that this and the following seven cases might be argued together and submitted, to-wit: Priddy et al. v. Kendall et al.; Priddy et al. v. Beals et al.; Priddy et al. v. McDearmond et al.; Priddy et al. v. Tomb et al.; Priddy et al. v. Rosecrans et al.; Priddy et al. v. Bayles et al.; Priddy et al. v. Merrill et al.

The case at bar and the above-mentioned cases are the eight cases mentioned in the MacKenzie case which were consolidated by the trial court, and all were tried together, at the same time, over the objections and exceptions of the plaintiffs.

All the pleadings, issues and facts in each of these cases are the same as those in the MacKenzie case, excepting the names of the defendants and the description of the land involved in each; and the statement of the facts in that case is hereby referred to

and adopted as the facts in these cases, as far as they go; but there are some additional matters in these cases which do not exist in that one, or which were unnecessary to be stated in the disposition thereof. Said additional facts are as follows:

The decision was rendered July 17, 1903, and motions for new trial and in arrest were filed on the next day and overruled by the court, and leave was granted plaintiffs to file bills of exception on or before the 3rd day of the October term, 1903, and the time for filing said bills was duly extended by the court, and the last extension was leave to file the bills on or before December 5, 1903. None of these extensions were asked for or granted at the instance of the plaintiffs, but were made in order to give the court and counsel for defendants more time in which to prepare and endorse upon the bills the reason for the court's refusal to allow and sign them. At first the only reason assigned for such refusal, and that was orally made, was because those furnished by plaintiffs did not contain all the evidence in the case regarding the merits.

The plaintiffs contended the trial court had no jurisdiction to try the cases, and that they wished to appeal for the purpose of having that point alone settled by this court, and that under that view of the cases the evidence touching the merits was wholly immaterial, and that they should not be compelled to pay the costs and expenses of preparing and printing the voluminous records therein, which aggregate more than twenty-five thousand pages; and for those reasons refused to incorporate into the bills said evidence, which constituted the greater part of the records.

Later, the court formulated additional reasons for its declination. So, on December 4, plaintiffs filed in each of said cases a motion, asking for an extension of time in which to file said bills. The grounds assigned by plaintiffs in said motions were that the time was

about to expire and that they had not been informed of the character of the objections entertained, if any, and their rights to bills would be lost through no fault of theirs unless an extension was granted.

On the next day, December 5th, this motion was taken up for consideration, and the following, substantially, occurred:

When the court opened, the bills were lying upon the bench, in front of the court, with the court's written objections endorsed thereon, or attached thereto. Counsel for plaintiffs requested permission of the court to examine the bills and the objections thereto before said motion for an extension of time was passed upon. The court refused this request. Plaintiffs then requested the court to inform them the nature of the objections endorsed upon the bills, which was by the court refused.

Plaintiffs then, through their counsel, requested the court to permit them to examine said objections in the presence of the court in order that they might know the nature of same, and to make, if possible, such amendments or alterations of the bills as would cause them to conform to the court's objections. This request was also refused, and the court then and there ordered the clerk to file the objections with the bills of exceptions attached thereto, and when so filed to take them and seal them with sealing-wax, and keep them under lock and key until further ordered. The plaintiffs duly excepted to the action of the court in refusing each and all of said requests. The court also overruled plaintiffs' motion asking for an extension of time for filing the bills, to which ruling plaintiffs duly excepted. Sometime after the bills had been filed in open court, plaintiffs' counsel was permitted to examine the objections endorsed upon the bills and found that the bills could be amended so as to comply with ten or twelve of them, and they offered to make the alterations *in-*

*stanter,* but the offer was by the court refused. The
plaintiffs also found several other objections, based
upon the absence of the testimony which was intro-
duced on the merits of the cases, which they refused,
as before stated, to incorporate into the bills, on ac-
count of its immateriality to the question raised, and
because of the great cost that would be entailed upon
them by having to print such a record, more than twen-
ty thousand pages of which was directed to the merits
alone, according to statements of counsel in the argu-
ment of these cases.

Plaintiffs also excepted to the ruling of the court
in refusing to permit them to amend the bills so as to
make them conform to the ten or twelve objections be-
fore mentioned.

On December 22, 1903, during the same term of
said court at which it refused to sign plaintiffs' bills
of exceptions, and at which it filed its reasons or ob-
jections for not signing them, plaintiffs' counsel pre-
sented to the court a second lot of bills for allowance,
excepting to the decision and rulings of the court in
refusing to sign the first lot of bills which were duly
authenticated by the court, and one filed in each of
these eight cases. The defendants, by counsel, objected
and duly excepted to the action of the court in allowing
and filing the second lot of bills, because the cases are
ended and no authority exists to sign and file bills after
the expiration of the time fixed for that purpose.

Sometime after the court's refusal to allow and
sign the first nine bills of exceptions, and after it had
signed the second series, above mentioned, plaintiffs,
at the relation of the State, instituted a mandamus suit
in this court against Judge Gibson, requiring him to
show cause why he should not be required to allow and
sign the bill of exceptions which was presented by plain-
tiffs to him in the case of Priddy et al. v. MacKenzie

et al., and which he had refused to sign, which was at the same time he refused to sign the bills in these cases. This court, at the October term, 1904, awarded a peremptory writ in that case and required Judge Gibson to allow and sign the bill of exceptions in that case as made and presented to him. [See State ex rel. v. Gibson, 184 Mo. 490.]

While that writ only required him to allow the bill in the MacKenzie case, yet in obedience to its command he not only signed the bill in that case, but, on December 20, 1904, also signed, sealed and allowed the bills in all of these eight cases; and the record entry showing that fact is as follows:

"December 20, 1904, October term. In each and all of the above-entitled nine causes on said day there is the following entry: 'Now on this day in obedience to the order of the Supreme Court that the bills of exceptions tendered the judge of this division of this court on the 5th day of December, 1903, be signed, sealed and allowed, and by agreement of the parties to said causes, said bills of exception is signed, sealed and allowed and ordered to be filed by the clerk of this court as and of said December 5, 1903, which is accordingly done.' "

On December 29, 1904, just nine days after Judge Gibson had signed the bills in all these cases, the plaintiffs, at the relation of the State, instituted another mandamus proceeding in this court against him, asking that he be required to sign all these bills (they being the same bills he had signed but a few days before).

The peremptory writ was refused in that case, for the reasons assigned by LAMM, J., in the opinion in that case. [State ex rel. v. Gibson, 187 Mo. 536.]

Plaintiffs sued out writs of error, and brought all of these cases to this court.

I. The bills of exceptions in these cases were not allowed and filed for more than a year after the expiration of the time fixed by the court for their filing. While the order of the court states that they were signed, sealed and allowed in obedience to the order of the Supreme Court, yet the whole record in these cases shows that statement is incorrect, and, in fact, this court never issued any such order, but expressly refused to do so in the case of State ex rel. v. Gibson, 187 Mo. 536. The judge must have been under the erroneous impression that the writ requiring him to allow the bill in the MacKenzie case embraced these cases also.

The trial court cannot properly authenticate a bill of exceptions after the time to file the same has expired, and a bill filed out of time presents nothing for review by this court on appeal or writ of error. [Danforth v. Railroad, 123 Mo. 196; Fulkerson v. Murdock, 123 Mo. 292.]

Speaking of these same bills, in the mandamus proceeding against Judge Gibson, whereby it was sought to compel him to sign them, Judge Lamm said: "It is clear, we think, that respondent lost the power to incorporate the bills in the record, of his own motion, after the day fixed by leave, and that an extension of such power could only be bottomed on an extension of time made while the right of extension existed. It is furthermore clear that the mere request of relators, made over a year after the leave expired, could not have the effect to blow into life this dead coal of power, nor could it add aught of legal efficiency to respondent's compliance with that request; hence these bills must stand in the eye of the law precisely the same as if allowed and signed without such request. Even an order extending the time, made after leave expired, would have been *coram non judice, a fortiori* an exten-

sion without such order is bad." [State ex rel. v. Gibson, 187 Mo. l. c. 549.]

It follows from what has been stated that the bills are not properly before us, and we cannot consider anything contained in them.

II. The second lot of bills filed, excepting "to the refusal of the judge to sign the bills previously presented, cannot be noticed, because if his refusal had been improper, it is not to be corrected by appeal," nor by writ of error. [Darrah v. Steamboat, 17 Mo. 276; State v. Logan, 125 Mo. 26; Garth v. Caldwell, 72 Mo. l. c. 631; Cooper v. Maloney, 162 Mo. l. c. 687.]

Mandamus was the proper remedy, but plaintiffs were denied that remedy because of their laches in applying for the writ. [State ex rel. v. Gibson, 187 Mo. 536.]

III. As the writs of error bring up the records proper in these cases, and there is no error in them that we have been able to discover, the judgment will be affirmed. So ordered.

All concur.