## McClellan *v.* State of Indiana, ex rel. Forn-shell.

[No. 7,893.   Filed April 2, 1913.   Rehearing denied June 5, 1913.
Transfer denied October 8, 1913.]

1.  APPEAL.—*Review.—Evidence.—Weight and Sufficiency.*—Where, in a bastardy proceeding, there was evidence which, if believed, was sufficient to sustain a verdict against defendant, the verdict cannot be disturbed on appeal on the theory that the evidence supporting the same is so inconsistent and contradictory as to be unworthy of belief. p. 145.

2.  NEW TRIAL.—*Insufficient Evidence.—Duty of Trial Court.*—Where the evidence tending to support a judgment is so inconsistent, contradictory and unbelievable that it does not fairly and reasonably support the verdict, and substantial justice has not been done between the parties, the trial court should grant a new trial. p. 145.

3.  APPEAL.— *Review.— Evidence.— Sufficiency.— Presumptions in Favor of Trial Court.*—On appeal, where the evidence supporting the verdict is inconsistent or contradictory, it will be presumed that the trial court did its duty and that in passing on the motion for new trial it rightly decided that the evidence was sufficient to support the verdict. p. 145.

From Wells Circuit Court; *Charles E. Sturgis,* Judge.

Bastardy proceedings by the State of Indiana, on the relation of Ellen Fornshell, against William H. McClellan. From a judgment for relatrix, the defendant appeals. *Affirmed.*

*E. C. Vaughan, McConnell, Jenkines, Jenkines & Stuart* and *Eichhorn & Vaughn,* for appellant.

*L. L. Simmons, J. B. Merriman, Charles G. Daily* and *E. W. Secrest,* Prosecuting Attorney, for appellee.

FELT, P. J.—A jury found that appellant was the father of a bastard child born to the relatrix. The court overruled appellant's motion for a new trial and rendered judgment against him for $600. The overruling of said motion is assigned as error. The only question argued is that the verdict of the jury is not sustained by sufficient evidence. The

relatrix swore positively to every fact essential to the verdict returned and was corroborated to some extent by other witnesses as to acquaintance and dates. The appellee squarely contradicted the relatrix and was corroborated by some circumstances and seeming inconsistencies in the testimony of the relatrix.

Appellant insists that notwithstanding the well-established rule that this court will not weigh the evidence where there is some evidence tending to support every material fact essential to the judgment rendered by the trial court, we should reverse the judgment in this case and order a new trial on the theory that the evidence is inconsistent, contradictory and unworthy of belief. The question presented to this court was decided by the trial court who saw the witnesses and had a better opportunity to determine their credibility than this court can have from the record. If, as appellant contends, the evidence tending to support the judgment is so inconsistent, contradictory and unbelievable that it does not fairly and reasonably support the verdict, and substantial justice has not been done between the parties, it was the duty of the trial court to grant a new trial. We must presume that the trial court did its duty and that in passing on the motion for a new trial it rightly decided that the evidence is sufficient to support the verdict. This court might disregard a mere scintilla of evidence if a fact material to the judgment depended wholly upon it and it appeared from the record that substantial justice had not been done between the parties. But here there is ample and positive proof if it is believed. The question of the credibility of witnesses, and the reconciliation or rejection of apparently inconsistent and contradictory statements of witnesses is peculiarly within the province of the jury in the first instance. The question may be properly brought before the trial court on a motion for a new trial, and the

responsibility for review of such questions clearly and rightly belongs to that court. After the trial court has approved the verdict of the jury, all presumptions are in its favor and it is neither the province nor right of this court to reverse the judgment on the weight of the evidence

There is no available error shown by the record.

Judgment affirmed.

Note.—Reported in 101 N. E. 387. See, also, under (1) 3 Cyc. 398; (2) 3 Cyc. 354.