## PERRY *v.* STATE OF INDIANA, EX REL. SNYDER.

[No. 9,153. Filed February 16, 1917.]

1. BASTARDS.—*Parentage of Child.—Evidence.—Sufficiency.*—In a bastardy proceeding, evidence by the relatrix that the only occasion upon which she ever had intercourse was with the defendant on a certain date, which was corroborated by the testimony of other witnesses that the defendant had admitted the act of intercourse, and by the attending physician that relatrix had given birth to a fully developed child after the usual period of gestation had elapsed, was sufficient to warrant in finding that

the defendant was the father of relatrix's child, even though the evidence adduced at the trial was conflicting.  p. 656.

2.  BASTARDS.—*Bastardy Proceeding.—Presence of Child in Court.* —The mere fact that during the trial of a paternity suit the mother was permitted by the court, over the objection of the defendant, to have her child with her in the court room where the jury might see it affords no cause for a reversal.  p. 657.

3.  APPEAL.— *Review.— Harmless Error.— Presence of Child in Court.—Instruction.*—Any possible harm which might have resulted to the defendant in a bastardy proceeding by the court's action in permitting the relatrix to bring her child into the courtroom during the trial was cured by an instruction that in passing upon the question whether the defendant was the father of the child, the jury should not take into consideration the appearance of the child's countenance or draw any conclusion whatever from the child's appearance, but should consider only the oral testimony.  pp. 658, 659.

4.  APPEAL.—*Question Reviewable.—Misconduct of State.—Record.* —Alleged misconduct on the part of the State, in a trial of a bastardy proceeding, in permitting the relatrix to exhibit her child to the jury contrary to the direction of the court is not available for reversal of the judgment, where the record shows no order of the court directing relatrix not to bring her child into the presence of the jury and that defendant's motion for such an order was overruled.  p. 658.

5.  APPEAL.—*Bill of Exceptions.—Authentication.*—Matters set out in a bill of exceptions not authenticated by the signature of the court cannot be considered on appeal, even though such bill is brought into the record by being incorporated in another bill. p. 659.

6.  APPEAL.—*Harmless Error.—Misconduct of Counsel.—Cure by Instruction.*—In a bastardy proceeding, alleged misconduct of relatrix' attorney during the argument to the jury in pointing at the child and saying that there could be no question that a child was conceived, "because there's the evidence," even if constituting reversible error when properly presented on appeal, was harmless where the jury was instructed not to consider the appearance of the child, but to decide the case on the oral testimony alone.  p. 660.

7.  APPEAL.—*Question Reviewable.—Misconduct of Counsel.—Bill of Exceptions.—Record.*—Where, in a paternity suit, misconduct of the attorney for the State in the presence of the court and jury were relied on for a reversal of the judgment of the trial court, mere affidavits as to the facts, accompanying the motion for a new trial, cannot take the place or serve the purpose of an unsigned bill of exception, by which appellant attempted to pre-

sent such facts, and unless the acts complained of are brought into the record by a proper bill of exceptions no question relating thereto is presented. p. 660.

8. APPEAL.—*Questions Reviewable.—Misconduct of Counsel.—Objections.*—In an appeal in a bastardy proceeding, alleged misconduct of opposing counsel during the trial of the cause is not available to the defendant where it does not appear from the record that he at the time objected, or called the court's attention, to the acts complained of. p. 661.

9. APPEAL.—*Assignment of Error.—Grounds.*—That "the judgment appealed from is not fairly supported by the evidence" and that it "is clearly against the weight of the evidence," are not grounds for independent assignment of error. p. 661.

10. APPEAL.—*Assignment of Error.—Grounds.—Refusal of Court to Sign a Bill of Exceptions.*—No question is presented for review on appeal by an assignment of error which attempts to present an exception to the refusal of the trial court to sign a bill of exceptions. p. 662.

11. APPEAL.—*Review.—Harmless Error.—Refusal of Judge to Sign Bill of Exceptions.*—The refusal of the trial judge to sign a bill of exceptions was harmless error, where the questions attempted to be presented by the bill would in no event afford any ground for a reversal of the judgment. p. 662.

From St. Joseph Circuit Court; *Thomas W. Slick,* Judge *pro tem.*

Action by the State of Indiana, on the relation of Mary Mandy Snyder, against Donald Perry. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles Weidler, Orie Parker* and *Samuel Pettengill,* for appellant.

*Chester R. Montgomery, Samuel P. Schwartz* and *DuComb & DuComb,* for appellee.

HOTTEL, J.—This is an appeal from a judgment in a bastardy proceeding instituted before a justice of the peace of St. Joseph county. The justice found that appellant was not the father of the bastard child. There was an appeal to the circuit court of said county, where the case was tried by a jury before the Hon. T. W. Slick, who, on account of the "serious illness" of the regular judge of

such court was, by such regular judge, appointed "to try all cases and transact all business of said Court  *  *  *  from the 5th day of October 1914 until further order."

The jury found that appellant was the father of the child, and judgment was rendered ordering appellant to pay to the relatrix $500 for the education and maintenance of said child. Appellant's motion for a new trial was overruled. From said judgment appellant appeals and assigns the following alleged errors: "1. The court erred in overruling appellant's motion for a new trial. 2. The judgment appealed from is not fairly supported by the evidence. 3. The judgment appealed from is clearly against the weight of the evidence. 4. The court erred in refusing to sign appellant's bill of exceptions No. 2."

Under his first assigned error, appellant first urges that the verdict of the jury is not sustained by sufficient evidence, and insists that, where it appears from the record that substantial justice has not been done, this court should and will disregard a mere scintilla of evidence, citing *McClellan* v. *State* (1913), 54 Ind. App. 144, 101 N. E. 387. The case cited, while recognizing the rule contended for by appellant, holds, in effect, that it has no application in a case where, like the one under consideration, the relatrix herself testifies to all the facts necessary to justify the conclusion reached by the jury.

In the instant case, the relatrix testified that, on April 8, 1913, her thirteenth birthday, the appellant had intercourse with her in a bedroom at the home of appellant's father; that she never had intercourse with any other person before or since; that her bastard child was born January 11, 1914. The uncontradicted evidence shows that relatrix stayed all night at the home of appellant's father the night of April 8, 1913; that appellant's father and mother were away that evening until ten o'clock; that appellant, relatrix and four other children were left together during their absence. The attending

physician testified to the birth of the child on January 11, 1914, and that it was fully developed; that the usual period of gestation is nine calendar months. Other witnesses testified to statements made by appellant in which he told them that he had had intercourse with the relatrix.

Appellant denied ever having had intercourse with relatrix, and denied the admissions testified to by other witnesses. Other witnesses contradicted some of the facts testified to by the relatrix. There was opinion evidence to the effect that conception, under the facts and circumstances testified to by relatrix, was unusual, but there was no evidence that it was impossible. It is apparent, we think, that the evidence in appellee's favor which we have indicated, *supra,* is more than a scintilla upon each of the facts essential to the verdict of the jury, and that on appeal it must be held as sufficient to warrant the jury in concluding, not only that appellant had intercourse with the relatrix as testified to by her, but that her conception resulted therefrom, and hence that appellant is the father of her bastard child. *Michael* v. *State, ex rel.* (1914), 57 Ind. App. 520, 108 N. E. 173; *Evans* v. *State, ex rel.* (1905), 165 Ind. 369, 74 N. E. 244, 75 N. E. 651, 2 L. R. A. (N. S.) 619, 6 Ann. Cas. 813.

Before the trial appellant filed a motion to exclude the child of relatrix from the court during the examination of the jurors and the trial. This motion was overruled and appellant excepted. This action of the court was made a ground for appellant's motion for new trial, and is here urged as reversible error. This was not error. The mere fact that the mother was permitted by the court to have her child with her in court at the trial where the jury might see it affords no cause for reversal. *State* v. *Stark* (1911), 149 Iowa 749, 129 N. W. 331, Ann. Cas. 1912D 362; *State* v. *Clemons* (1889), 78 Iowa 123, 42 N. W. 562; *Hutchinson* v. *State* (1886), 19 Neb. 262, 27 N. W. 113; *Benes* v. *People* (1905), 121 Ill. App. 103; *Rose* v. *People* (1898), 81 Ill. App. 128; *Esche* v. *Graue* (1904), 72

Neb. 719, 101 N. W. 978; *Johnson* v. *State* (1907), 133 Wis. 453, 113 N. W. 674; 7 C. J. 994, §125.

And, in any event, any *possible harm* which might have resulted to appellant by such action of the court was carefully guarded against and cured by the following instruction given by the trial court: "No. 3. In passing upon the question as to whether or not the defendant is the father of the child of Mary Mandy Snyder, *you should not take into consideration the appearance of the countenance of the child; nor should you draw any conclusion whatever from the appearance* of the child. And in considering and determining this case, you should look only to and consider the oral testimony given at the trial." *La-Matt* v. *State, ex rel.* (1891), 128 Ind. 123, 27 N. E. 346; *Reitz* v. *State, ex rel.* (1870), 33 Ind. 187.

Appellant, in his motion for new trial, as ground No. 9 thereof, set out alleged misconduct on the part of the State as follows, viz.: "It permitted the relatrix to *exhibit her child* to the jury during the trial of said cause *contrary to the direction of the court,* all of which facts more fully appear by the affidavits of Charles Weidler, Samuel Pettengill, Bert Perry and defendant, Donald Perry." The affidavits referred to were nothing more than sworn statements made by each of such affiants to the effect that he was present in court during the trial of said cause, and that the matters and facts set out in grounds Nos. 9 and 10 of said motion for new trial are true.

Such alleged misconduct is not available for a reversal of the judgment below for either of two reasons: (1) No such misconduct is shown by the record. The misconduct relied on is an alleged violation of an order or *"direction"* of the court. The only action taken by the trial court in reference to such matter, disclosed by the record, was the overruling of appellant's motion above indicated, and the overruling of a second motion made by appellant, at the conclusion of appellee's evidence, in which he asked the court to make the

record show that the relatrix, on several occasions during the progress of the trial, brought her child into the court and sat with it in her arms near the table of her counsel in full view of the jury. The record before us shows no order or direction of the trial court directing relatrix not to bring her child into the presence of the jury.

It should be stated in this connection, however, that it appears from a third bill of exceptions set out in the record that a second bill of exceptions was tendered by appellant to the regular judge for his signature, in which said motion and the action of the trial court thereon were set out in full, and it appears from such second bill that the court, at the time it overruled appellant's first motion, *supra,* made the following statement: "While the court overruled this motion the court does not think that it would be fair to the defendant to allow the child to be brought up to the counsel tables and held there in full view of the jury. I therefore direct that the child be kept back in the audience where the jury will not see it or know whose child it is."

This second bill further states, in substance, that after this direction was given by the court, the relatrix, on several occasions, during the progress of the trial, brought her child in her arms to the table of her counsel in full view of the jury. Such second bill, however, was not signed by the court, and it gets into the record by being incorporated into the third bill, which expressly shows the court's refusal to sign it, the purpose of the latter bill being an attempt to save and present the exceptions taken to such refusal. It follows that the matters set out in said second bill are not authenticated by the court's signature, and hence cannot be considered.

(2) If, however, all that is contained in such bill could be considered by the court, the mere fact that it shows that the relatrix brought her child into the court room and sat with it at the table of her counsel in

full view of the jury, in the absence of some further showing, would not show reversible error under the authorities above cited, and any possible harm that might have resulted from such conduct because of an exhibition of such child to the jury (if there were such exhibition) and an observance or inspection of its appearance or features by the jury with the idea that such appearance and features could be considered by it in determining whether appellant was its father, was guarded against and cured by the instruction, *supra.*

In his motion for new trial, appellant assigned as one of the grounds thereof, misconduct of appellee's counsel, in that, during the argument of the cause to the jury, such counsel said to the jury: ''There can be no question that a child was conceived about that time because there's the evidence.'' (at the time pointing to the child of relatrix.) The misconduct relied on in this ground of said motion is also set out in said unauthenticated bill of exceptions No. 2, as incorporated in said third bill of exceptions.

Assuming, without deciding, that said conduct was misconduct which, if properly presented, would constitute reversible error, what we have said in our discussion of the previous ground of said motion with reference to that error being cured by the instruction indicated, is applicable alike to this ground. However, the exact nature and character of the latter misconduct is fully set out in said motion and such motion being supported by the affidavits above indicated, this court knows what the misconduct relied on is and that the appellee's counsel was guilty thereof, provided that such affidavits can have the effect of taking the place of a bill of exceptions presenting such facts.

The misconduct relied on occurred in the presence of the trial court, and hence the affidavits in support thereof were not conclusive on such court as to the facts therein stated. The trial court may have refused to sign such bill because it knew that the facts therein set out were not true. Such court alone has the right to deter-

mine and say what occurred in its presence, and give authority to the record intended to present such a question to this court. The affidavits accompanying said motion cannot take the place or serve the purpose of said unsigned bill of exceptions. Such misconduct, not being brought into the record in the manner provided by law, this court has no way of knowing whether it occurred. *Hood* v. *Tyner* (1891), 3 Ind. App. 51, 28 N. E. 1033; *Manion* v. *Lake Erie, etc., R. Co.* (1907), 40 Ind. App. 569, 572, 80 N. E. 166; *Michael* v. *State, ex rel., supra*, 522.

There is another reason why this ground of said motion is not available on appeal. It does not appear from the record that appellant at the time objected to or called the court's attention to said alleged misconduct. If he thought that his rights had been prejudiced by such conduct, he at the time should have objected thereto, and by proper motion or request should have given the trial court an opportunity to take such steps as the law authorizes to be taken in such cases to cure or provide against any possible harm that might have resulted from such conduct. *Hasper* v. *Weitcamp* (1906), 167 Ind. 371, 374, 79 N. E. 191; *Southern Ind. R. Co.* v. *Fine* (1904), 163 Ind. 617, 72 N. E. 589; *Cleveland, etc., R. Co.* v. *Dixon* (1912), 51 Ind. App. 658, 660, 96 N. E. 815, and cases there cited.

The second and third assigned errors, *supra*, are not causes for independent assignment of error. *Walters* v. *Walters* (1906), 168 Ind. 45, 48, 79 N. E. 1037; *State, ex rel.* v. *Davisson* (1910), 174 Ind. 705, 93 N. E. 6; *Bradford* v. *Wegg* (1913), 56 Ind. App. 39, 40, 102 N. E. 845. The questions which such assigned errors attempt to present are in any event fully considered and disposed of in our discussion of that ground of the motion for new trial which challenges the sufficiency of the evidence.

It is insisted by appellee, in effect, that the fourth assigned error presents no question because the record shows that such second bill of exceptions was presented to the regular judge

of said court for his signature when the same should have been presented to the special judge who tried the case. The following cases will throw light on the question whether, in a particular case, a special judge, who tried the case or the regular judge should sign a bill of exceptions. *Aetna Indemnity Co.* v. *Wassall Clay Co.* (1911), 49 Ind. App. 438, 442, 97 N. E. 562; *Shugart* v. *Miles* (1890), 125 Ind. 445, 25 N. E. 551; *Staser* v. *Hogan* (1889), 120 Ind. 207, 21 N. E. 911, 22 N. E. 990; *Stewart* v. *Adam, etc., Co.* (1899), (Ind. Sup.) 55 N. E. 760; *Lee* v. *Hills* (1879), 66 Ind. 474; *Wilson* v. *Piper* (1881), 77 Ind. 437; *Smith* v. *Baugh* (1869), 32 Ind. 163; *Hedrick* v. *Hedrick* (1867), 28 Ind. 291; *McKeen* v. *Boord* (1878), 60 Ind. 280; *Reed* v. *Worland* (1878), 64 Ind. 216; *Lerch* v. *Emmett* (1873), 44 Ind. 331; *Toledo, etc., R. Co.* v. *Rogers* (1874), 48 Ind. 427.

For the purposes of the question under consideration, the question to whom said bill should have been presented for signature is wholly unimportant for either of two reasons, viz.: (1) No question is presented by an assignment of error which attempts to present an exception to the refusal of the trial court to sign a bill of exceptions. *Hartford Life Ins. Co.* v. *Rossiter* (1902), 196 Ill. 277, 63 N. E. 680; *Hulett* v. *Ames* (1874), 74 Ill. 253; *Garibaldi* v. *Carroll* (1878), 33 Ark. 568; *Whipple* v. *Hopkins* (1897), 119 Cal. 349, 51 Pac. 535; *Brode* v. *Goslin* (1910), 158 Cal. 699, 112 Pac. 280; *Green* v. *Bulkley* (1879), 23 Kan. 130; *State* v. *Ford* (1885), 37 La. Ann. 443; *Carey* v. *Merryman* (1876), 46 Md. 89; *Richardson* v. *Rogers* (1887), 37 Minn. 461, 35 N. W. 270; *Priddy* v. *Hayes* (1907), 204 Mo. 358, 102 S. W. 976; *Wilson* v. *Moore* (1842), 19 N. J. Law 186; *Budd* v. *Crea* (1821), 6 N. J. Law 450; *Mallon* v. *Tucker Mfg. Co.* (1881), 7 Lea (Tenn.) 62; *Messenger* v. *Broom* (1846), 1 Pin. (Wis.) 630; *Martin* v. *Ihmsen* (1859), 21 How. 394, 16 L. Ed. 134. (2) The only questions attempted to be presented by said bill of exceptions were the questions of miscon-

duct of appellee and her counsel, indicated *supra;* and for the reasons stated, they would in no event afford any ground for reversal of the judgment below, and hence no harm could have resulted from a refusal to sign such bill by either or both judges. Judgment affirmed.

NOTE.—Reported in 115 N. E. 59. Bastardy proceeding, right to exhibit child to jury, rule; 6 Ann. Cas. 560; 19 Ann. Cas. 536; 5 Cyc 663. Necessity and sufficiency of objection and exception to improper argument of counsel, Ann. Cas. 1916A 551. See under (7) 2 Cyc 1090.