## The Pacific Mutual Life Insurance Company *v.* Turner.

[No. 2,221.    Filed May 26, 1897.]

PLEADING.—*Complaint on Accident Policy.*—In a complaint on a policy of accident insurance an allegation that "the said plaintiff has fully complied with his contract with said defendant to be performed by said plaintiff," sufficiently alleges that plaintiff had performed all the conditions on his part.    *p. 645.*

APPEAL AND ERROR.—*Harmless Error.*—Error, if any, in sustaining a demurrer to paragraphs of answer is harmless where all the facts set up therein are provable under the general denial which is also pleaded.    *p. 646.*

SPECIAL VERDICT.—*Failure to Find Material Fact.*—*Accident Insurance.*—A special verdict in an action on a policy of accident insurance which did not find the period for which the policy was issued, or that the policy was in force at the time of the accident, is not sufficient to sustain a judgment.    *p. 646.*

From the Monroe Circuit Court.    *Reversed.*

*H. C. Duncan* and *I. C. Batman,* for appellant.

*W. M. Louden* and *T. J. Louden,* for appellee.

BLACK, J.—The appellee sued the appellant upon a policy of accident insurance. A demurrer to the complaint for want of sufficient facts was overruled. It is suggested by counsel for the appellant that it was not sufficiently shown by the complaint that the appellee had performed all conditions precedent contained in the policy. The statute, section 373, Burns' R. S. 1894 (370, Horner's R. S. 1896), provides: "In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial."

The complaint before us contained an allegation as follows: "The said plaintiff has fully complied with his contract with said defendant to be performed by said plaintiff."

It is insisted on behalf of the appellant that this is not a sufficient compliance with the statute to relieve the appellee from making specific allegations of performance with the particularity required at common law.

It is not necessary to use the exact words of the statute in pleading performance of conditions precedent; it is sufficient if language of substantially the same meaning be employed. In *Aetna Ins. Co.* v. *Kittles*, 81 Ind. 96, the use of the words "duly fulfilled" instead of the statutory word "performed" was held sufficient.

It is not a forced construction of the language of the complaint to regard it as alleging that the plaintiff acted in accordance with the requirements of the contract to be performed by him. He could not have fully complied with his contract to be performed by him without having performed all its conditions on his part.

No other objection to the complaint is suggested on behalf of the appellant. This objection does not seem to be sufficient for the reversal of the judgment.

The appellant answered in four paragraphs, the first being a general denial.

The court sustained a demurrer to the second, third and fourth paragraphs. In these rulings there was no available error; for all of these paragraphs simply alleged that the appellee's injury was occasioned by other causes than that alleged in the complaint, and, therefore, if the matters alleged in the answers constituted defenses, they could have been proved under the general denial.

There was a special verdict. The court overruled the appellant's motion for judgment thereon in its favor, sustained a like motion of the appellee, and overruled the appellant's motion for a new trial.

The special verdict showed that the appellant, at a date mentioned, issued its policy of insurance, having a specified number, to the appellee. It also showed that the accident by which the appellee was injured occurred at a date some months later. It did not state the period for which the policy was issued, nor show that the policy was in force at the time of the accident in question.

Because of such failure to state a material fact, the verdict did not show the appellee to be entitled to recover. Other objections made to the verdict need not be discussed, as they probably will not again arise.

We are of the opinion that justice requires the granting of a new trial. Therefore, the judgment is reversed, and the cause is remanded for a new trial.