Hubbs *et al. v.* The State, *ex rel.* Kurtz, Trustee.

---

## HUBBS ET AL. *v.* THE STATE, EX REL. KURTZ, TRUSTEE.

[No. 2,662.    Filed May 17, 1898.]

PRACTICE.—*Motion to Dismiss.*—A motion by defendant to dismiss an action for the reason that the demand was paid off, is properly overruled. *pp. 181, 182.*

NEW TRIAL.—*Motion for.*—A motion for a new trial for the reasons that "the finding and judgment of the court is contrary to the evidence," and "the finding and judgment of the court is contrary to law," does not state a ground for a new trial under section 568, Burns' R. S. 1894. *p. 182.*

From the Perry Circuit Court. *Affirmed*

*William A. Land, William Henning* and *Edwin C. Henning,* for appellants.

*Sol. H. Esarey,* for appellee.

BLACK, J.—This was an action upon the bond of a township trustee, on the relation of his successor in office.

Upon the appearance of the appellants they moved to dismiss the action, "for the reason," as stated in the motion, "that the same has been paid off in the sum of $3,500, and that the costs of this action shall be adjudged against the defendants." This motion having been overruled, issues were formed, which were tried by the court, the finding being against the appellants. The court having rendered judgment upon

the finding, the appellants moved for a new trial, "for the following reasons: First.  The finding and judgment of the court is contrary to the evidence.  Second.  The finding and judgment of the court is contrary to law."  This motion having been overruled, the defendants appealed to the Supreme Court.  The cause has been transferred from that court.

There was no error in the overruling of the motion to dismiss.  The statement that the demand had been paid off was an assertion not in any proper manner established, and the correct method of establishing it was by proof under an answer setting up the fact as matter of defense upon the merits.  Such matter is not proper ground for dismissal.  So, also, there was no error in overruling the motion for a new trial.  The only recognizable reasons for a new trial which can be supposed to have been contemplated by the appellants are those comprehended in the sixth subdivision of the causes for a new trial in section 568, Burns' R. S. 1894 (559, Horner's R. S. 1897), as follows: "Sixth. That the verdict or decision is not sustained by sufficient evidence, or is contrary to law."  The word "decision" is used in this clause of the statute in the sense of finding upon the facts where the cause is tried by the court.  *Wilson* v. *Vance*, 55 Ind. 394; *Christy* v. *Smith*, 80 Ind. 573; *Rosenzweig* v. *Frazer*, 82 Ind. 342; *Rodefer* v. *Fletcher*, 89 Ind. 563.  The motion before us did not state a ground for which a new trial may be granted under the statute.  The judgment is affirmed.