ALLEN ET AL. *v.* THE INDIANAPOLIS OIL COMPANY.

[No. 3,801.   Filed June 21, 1901.]

NEW TRIAL.—*Reasons.*—*Specifications.*— Specifications in a motion for a new trial that "the finding and judgment of the court is contrary to law" and that "the finding and judgment of the court is contrary to the evidence" are not causes recognized by statute. *p. 159.*

QUIETING TITLE.— *Equitable Defense.* — *Mistake in Description of Leased Premises.*—*Pleading.*— *Evidence.*—In an action to quiet title to real estate as against a lessee, proof of a mistake in the description of the leased premises was admissible by way of equitable defense, under defendant's answer of general denial, under §1067 Burns 1894. *p. 160.*

APPEAL AND ERROR.— *Trial.* —*Evidence.* — *Objections Not Made to Trial Court.*—An objection to the admission of evidence which was not suggested to the trial court will not be considered on appeal. *pp. 160, 161.*

QUIETING TITLE. — *Equitable Defense.* — *Mistake in Description of Leased Premises.*—*Assignment of Lease.*—*Evidence.*—The introduction of evidence by lessee, in an action to quiet title, as an equitable defense, under §1067 Burns 1894, of a mistake in the description of the leased premises, was not erroneous because of the facts that the lease had been assigned and the original lessees were not parties to the action, where no relief was sought or obtained against the assignors. *pp. 160, 161.*

From Blackford Circuit Court; *E. C. Vaughn,* Judge.

Action by Sarah G. Allen and husband against the Indianapolis Oil Company to quiet title to real estate. From a judgment for defendant, plaintiffs appeal. *Affirmed.*

*J. A. Hindman,* for appellants.

*J. Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellee.

BLACK, C. J.—In their complaint, the appellants, husband and wife, sought to quiet the title of the wife to certain real estate of which it was alleged she was the owner in fee simple, and in which it was averred the appellee claimed an interest adverse to the rights of the plaintiffs, which claim, it was asserted, was without right and unfounded and a cloud upon the title of the plaintiffs. The answer of the appellee was a general denial.

It is assigned here that the court below (to which the venue was changed from the Wells Circuit Court, in which the suit was commenced) erred in overruling the motion of the appellants for a new trial. The first and second causes in this motion were as follows: "(1) The finding and judgment of the court is contrary to law; (2) the finding and judgment of the court is contrary to the evidence." A cause recognized by the statute is not stated in either of these specifications, and therefore a portion of the argument of counsel for the appellants can not be considered by us.

The adverse claim of the appellee, as appears from the evidence, was founded upon a gas and oil lease executed by the appellants to D. A. Walmer and A. G. Johnson, the interest of Walmer having been by him assigned by indorsement in writing to Tristian G. Palmer, and Johnson and Palmer by their indorsement in writing having assigned their rights, title, interest and claim in the lease to the appellee.

In the complaint the appellants asserted title in Mrs. Allen to "the following described real estate situate in Wells county, in the State of Indiana, to wit: The southeast quarter of section thirty-two, township twenty-five north, range ten east." In the lease the land was described as, "all that certain lot of land situated in the township of Jackson, county of Wells, in the State of Indiana, described as follows, to wit: The southeast quarter of section thirty-two, township twenty-five north, range eleven east, containing 160 acres, more or less." If the number of the range had been ten, instead of eleven, in the lease, it would have cor-

rectly described the land described in the complaint and owned by the appellant Mrs. Allen on which she. and her co-appellant resided, being the only 160 acres of land owned by her in Wells county, and being the land let to Walmer and Johnson by the lease in question, under which, after its execution, the lessees, and after the assignment to it the appellee, took possession of the real estate described in the complaint.

Under objections and exceptions to evidence introduced by the appellee, counsel have contended before us that without affirmative pleading showing mistake the appellee could not properly be permitted to prove that the error in the description was occasioned by mistake, and to introduce in evidence the lease containing the misdescription; also, that without reformation the lease was not available against the appellants, and that under the pleadings reformation could not be obtained. Relief by way of reformation was not adjudged to the appellee, the judgment being that the plaintiffs take nothing by this action, and that the defendant recover of the plaintiff its costs.

That equitable defenses are allowable under our code is so well established that citation of cases is not needed. Our statute making specific provisions for actions to recover possession of real estate and to quiet title to real estate specially provides (§1067 Burns 1894, §1055 Horner 1897) that the answer of the defendant may contain a denial of each material allegation in the complaint, under which denial the defendant shall be permitted to give in evidence every defense to the action that he may have, either legal or equitable. Proof of the mistake in the description of the leased land was admissible by way of equitable defense under the appellee's answer of general denial.

The objection to such evidence, on the ground that the original lessees were not parties to the action, stated here in argument, does not appear to have been suggested in the trial court. This would be a sufficient reason for excluding

consideration of such objection here. We think, however, that such a ground of objection would not have been available. The several assignments of the lease were in writing upon the back of the lease, signed and acknowledged before notaries public by the assignors. No relief was sought or obtained against the assignors, or any of them. It was not needed for the purpose of the equitable defense that they should be parties to the action.

Judgment affirmed.