FAMOUS MANUFACTURING COMPANY *v.* HARMON.

[No. 3,876.   Filed December 19, 1901.]

MASTER AND SERVANT.—*Personal Injury.—Defective Tool.—Complaint.*
—In an action by an employe for damages for personal injuries
caused by a defective tool, it is not necessary for plaintiff to al-
lege that he had no means of ascertaining the defect, where the com-
plaint contains a general denial of knowledge on his part.   *p. 118.*

SAME.—*Personal Injuries.—Excessive Damages.*—In an action by an
employe for the loss of an eye, $3,300 is not excessive damages.
*p. 118.*

NEW TRIAL.—*What are not Proper Causes for.*—Specifications that the
finding and judgment of the court were not sustained by sufficient
evidence, and that the finding and judgment were contrary to the
law and the evidence, are not proper causes for a new trial.   *pp.
118, 119.*

TRIAL.—*Practice.—Evidence.—Offer to Prove.*—Available error cannot
be predicated upon the action of the court in excluding the
answer to a question, where the offer to prove was not made until
after an objection had been sustained to the question.   *p. 119.*

WITNESSES.—*Impeachment.*—Where one seeks to impeach a witness
by showing statements made by him out of court, but such witness
was not interrogated as to such statements, there is no sufficient
foundation for the impeaching question.   *p. 120.*

From Porter Circuit Court; *J. H. Gillett*, Judge.

Action for damages for personal injuries by Henry
Harmon against the Famous Manufacturing Company.
From a judgment for plaintiff, defendant appeals.
*Affirmed.*

*J. B. Peterson*, for appellant.

*J. N. Gavit* and *F. N. Gavit*, for appellee.

BLACK, J.—It is assigned that the court erred in over-
ruling appellant's demurrer to the appellee's amended com-
plaint.   The complaint to which the demurrer was ad-
dressed consisted of three paragraphs, all of which the
court, by its ruling, attacked by the assignment of error,
held sufficient.   The trial was before the court, without a
jury, and the court expressly based its finding for the ap-
pellee upon the first paragraph of the complaint.   The ap-
pellant in its brief has stated objections to the second and

third paragraphs, but has said nothing as to the sufficiency of the first paragraph. Under such a presentation of the matter, it is plain that we can not sustain this assignment of error.

The action was one for the recovery of damages for the injury of one of the appellee's eyes, whereby the eye was destroyed and it became necessary to remove it, through the defectiveness of a certain steel punch with which the appellee, serving in the employment of the appellant, was engaged in punching holes in a piece of iron by means of a punching machine. It was not necessary for the appellee to allege in the complaint that he had no means of ascertaining the defective condition of the tool, the general denial of knowledge on his part being sufficient to negative both actual and constructive knowledge. The only objection urged against the second and third paragraphs related to the omission therefrom of such unnecessary allegation, an objection which, if valid, would not have been applicable to the first paragraph, which contained such a needless averment.

The overruling of the appellant's motion for a new trial is the only other supposed error assigned. We are unable to decide that the damages awarded by the trial court, being $3,300, were excessive. The appellee was a machinist thirty-six years of age. A sliver or chip of steel entered his eye, entirely destroying the sight thereof and necessitating the removal of the eye. We need not recount the elements which might be considered by the court in estimating the damages. Certainly, we can not determine that the trial court manifestly was actuated by malice, partiality or fraud. It is not for us to determine the damages, or to say that the court below estimated all the loss at too great an amount.

A portion of the argument of counsel is based upon causes assigned in the motion for a new trial as follows: "Fourth. For the reason that the *finding and judgment* of

the court is not sustained by sufficient evidence.   Fifth. That the *finding and judgment* of the court is contrary to the evidence.   Sixth.   That the *finding and judgment* of the court is contrary to law."   Of these specifications it is sufficient to say that the statute does not recognize such causes for a new trial.

Counsel for appellant insists that the court erred in permitting a witness for the appellee to answer a question propounded to him, the only ground of objection stated here, which was also brought to the attention of the court below, being that the witness had not shown himself sufficiently competent to give testimony upon the subject.   It can scarcely be said that this matter is argued on behalf of the appellant, but upon consulting parts of the record pointed out by counsel for the appellee, we observe that there was no basis whatever for such an objection.

Finally, it is contended that the court erred in refusing to permit a witness for the appellant to answer a question propounded to him by the appellant.   Counsel for the appellee call attention to the fact that the appellant's offer of proof by the response to this question came after the objection to it had been sustained by the court, and therefore it is insisted on behalf of the appellee, on the authority of *Rinkenberger* v. *Meyer,* 155 Ind. 152, that the question which appellant thus seeks to present is not properly saved; and for this reason counsel for appellee decline to discuss the merits of the question.   There was no question to the witness pending when the appellant's offer to prove was made; and the suggestion of counsel for the appellee that there was no available error in this action of the trial court is sustained by many decisions besides that in the case so cited.   See, *Deal* v. *State,* 140 Ind. 354; *Gunder* v. *Tibbits,* 153 Ind. 591; *Whitney* v. *State,* 154 Ind. 573; *Shenkenberger* v. *State,* 154 Ind. 647; *Wilson* v. *Carrico,* 155 Ind. 570; *Miller* v. *Coulter,* 156 Ind. 290.   See, also, *Breedlove* v. *Breedlove,* 27 Ind. App. 560.

The record before us does not present for decision the question whether or not the repetition of the interrogatory to the witness, in terms or in substance, in connection with the offer of proof would require such reconsideration by the trial court as to save for review on appeal its action in excluding the proposed evidence, and to satisfy the requirements of the rule of practice as stated in the decisions of the Supreme Court above cited.

It is claimed in argument that the interrogatory in question, which was addressed to Edward Mickey, appellant's witness, the objection to which was sustained, was proper as an impeaching question. It was sought by the question to elicit evidence of something said out of court by one Charles Schriber, who had testified on the trial. In the brief for the appellant, to support this claim, a portion of the examination of Schriber as a witness is set out; but it does not appear that he was interrogated as a witness as to whether he had so spoken out of court, or indeed, as to whether he had said anything whatever out of court, at the time and place mentioned in the so-called impeaching question, or at any time or place. Therefore, no foundation for an impeaching question is shown to have been laid. Gillett Ind. & Coll. Ev.; §93; B. W. Jones on Ev. §848. Without regard to the question of practice, as to the proper relative place in the examination of a witness for making an offer of proof, no error is made apparent.

Judgment affirmed.