## BALTIMORE AND OHIO RAILROAD COMPANY *v.* DAEGLING.

[No. 4,205.    Filed December 17, 1902.]

MUNICIPAL CORPORATIONS. — *Sewer Assessments.* — *Enforcement.* — *Complaint.*—It is not necessary in an action for the enforcement of a sewer assessment to file as exhibits to the complaint copies of the various resolutions, orders, and ordinances adopted by the council in the proceedings pertaining to the improvement. *p. 181.*

APPEAL AND ERROR.—*New Trial.*— Causes stated in a motion for a new trial that "the finding and judgment of the court is contrary to the evidence," and "the judgment and finding of the court is contrary to law" are not such causes for a new trial as the statute recognizes. *pp. 181, 182.*

SAME.—*Evidence.*— *Failure to Discuss.*—*Record.*—Alleged error in the admission of evidence will not be reviewed on appeal where counsel failed to call the attention of the Appellate Court to any

place in the record where they entered any objection or reserved any exception to the evidence, and also failed to discuss the question in their brief. *p. 182.*

From Laporte Superior Court; *H. B. Tuthill*, Judge.

Action by Fernando W. Daegling against the Baltimore & Ohio Railroad Company to enforce a sewer assessment. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*J. H. Collins* and *T. J. Wood*, for appellant.
*F. N. Gavit*, for appellee.

Robinson, J.—Complaint by appellee to recover a sewer assessment. Answer, general denial. Judgment for appellee. Errors are assigned on overruling the demurrer to the complaint, and the refusal of a new trial.

Counsel state, without argument, that the complaint is insufficient for failing to show title to the property in appellant since the assessment was made, and also for failing to set out a copy of the assessment, and a copy of the resolution of the town board authorizing the assessment. The complaint expressly avers ownership of the property by appellant at the time of and since the assessment. The complaint also pleads the material acts of the board leading up to and including the making of the assessment, and makes an exhibit of that part of the assessment here in question. It is not necessary in such proceedings to file as exhibits copies of the various resolutions, orders, and ordinances adopted by the council in the proceedings pertaining to the improvement. See *Leeds v. Defrees,* 157 Ind. 392; *Cleveland, etc., R. Co. v. Edward C. Jones Co.,* 20 Ind. App. 87; *Lewis v. Albertson,* 23 Ind. App. 147; *Dugger v. Hicks,* 11 Ind. App. 374.

Causes stated in a motion for a new trial that "the finding and judgment of the court is contrary to the evidence," and "the judgment and finding of the court is contrary to law," are not such causes for a new trial as the statute rec-

ognizes. No cause was assigned in the motion for a new trial that the decision of the court was not sustained by sufficient evidence. *Hubbs* v. *State, ex rel.,* 20 Ind. App. 181; *Allen* v. *Indianapolis Oil Co.,* 27 Ind. App. 158; *Famous Mfg. Co.* v. *Harmon,* 28 Ind. App. 117; *Gates* v. *Baltimore, etc., R. Co.,* 154 Ind. 338; §568 Burns 1901.

The only remaining cause for a new trial stated in the motion is the admission of certain evidence. As counsel have not only failed to call our attention to any place in the record where they entered any objection or reserved any exception to the evidence, but have also failed to discuss the question in their brief, it is waived.

Judgment affirmed.