## BALPH ET AL. *v.* MAGAW, GUARDIAN.

[No. 4,648. Filed February 23, 1904. Rehearing denied May 11, 1904. Transfer denied June 24, 1904.]

FRAUDULENT CONVEYANCE.—*Complaint to Subject Land to the Payment of Judgment.*—In a suit to subject to the payment of a judgment certain land, which, as claimed by the plaintiff, had been fraudulently conveyed to a nonresident, an allegation in the complaint that the judgment debtor paid to the purchaser at an execution sale of his land the amount of his bid, and took an assignment of the certificate of sale to a third person who was a nonresident, and who held the title as a volunteer for the benefit of the debtor to prevent a resale of the land in satisfaction of an unpaid balance of the judgment, sufficiently avers that the debtor paid for the certificate with his own money. *pp. 400–402.*

LIMITATION OF ACTIONS.—*Action to Subject Property to Payment of Judgment.—Nonresident.*—Where a personal judgment has been procured, the statute does not bar a subsequent action to subject to the payment of the judgment certain land which has been fraudulently conveyed by the judgment debtor to nonresidents, though more than six years have elapsed.  *p. 402.*

NEW TRIAL.—*Motion Improper in Form.*—A motion for a new trial because "the finding and judgment of the court is not sustained by the evidence" and "is contrary to law," is improper in form, and the court would be authorized to overrule it; but if on such a motion a new trial is granted in a case which had been tried by the court the defect in form is not available on appeal.  *pp. 402, 403.*

From Tipton Circuit Court; *J. V. Kent*, Special Judge.

Suit by Theophilus Magaw, guardian, against James Balph and others. From a judgment for plaintiff, defendants appeal. *Affirmed.*

*W. R. Oglebay, F. S. Oglebay, J. C. Blacklidge, C. C. Shirley* and *Conrad Wolf*, for appellants.

*W. A. Johnson, G. H. Gifford* and *G. J. Gifford*, for appellee.

ROBINSON, J.—The judgment in this case rests upon the amended third paragraph of complaint, which avers substantially the following facts: Appellee is guardian of certain minor heirs of Thomas and Mary Cox, deceased; that in the lifetime of Thomas Cox one McCloy executed to him a mortgage on certain described land, to secure $6,000 unpaid purchase money; that Cox assigned the notes as collateral security to the Union Bank to secure a loan from the bank, to him, for $3,000; that afterwards the bank obtained a personal judgment against McCloy for $6,546, the decree providing that out of the judgment there should be paid the bank $3,677.66, with interest, the remainder to be paid to Cox; that after McCloy executed the mortgage he sold part of the land to other parties, which portions so sold were ordered in the above decree to be not sold until the remainder of the mortgaged property had been exhausted; afterwards the sheriff sold all the land except the parts which had been conveyed

away by McCloy, and the bank purchased the same for
$3,856.32, the same being the full amount of its claim; that
there remained due on the judgment, in favor of Cox, the
sum of $4,000; that afterwards McCloy paid the bank
the sum of their bid, and took an assignment of their cer-
tificate of purchase to one James Balph, and the land not
having been redeemed of record from the sale, at the end
of the year McCloy procured a sheriff's deed to be made
to Balph on such certificate; that Balph, under this deed,
is claiming title to the land, but it is averred that he has
no interest in or to the land, but holds the apparent title
as a volunteer from and through such sale, for the use and
benefit of McCloy; that the equitable title to the land
sold on the decree is in McCloy, the title being so held for
the fraudulent purpose of preventing a resale of the land in
satisfaction of the unpaid balance of the judgment; that
McCloy, aside from this real estate, is insolvent; that
Balph and Balph are, and have been, since 1890, non-
residents of the State.

The case went to trial upon the second, third, and fourth
paragraphs of complaint. As the court found in appel-
lants' favor on the second and fourth paragraphs, they
could not have been injured by the court's ruling on the
demurrer to these paragraphs. The record contains a gen-
eral finding and judgment. Although the facts are set
out as found, it amounts to no more than a general find-
ing. The finding does not purport to be a special finding
and can not be so considered.

It is first objected to the third paragraph of complaint
that it is not averred that McCloy paid his own money
for the certificate, and the case of *Lipperd* v. *Edwards,*
39 Ind. 165, is cited. It is said in that case that the
fraud, if any, consisted in the purchase of the land by
Lipperd with his own means, and vesting the title in his
wife, with intent to cheat his creditors. While pleadings

are to be construed most strongly against the pleader, yet we think that it may be said that the pleading sufficiently shows that McCloy paid his own money for the certificate. The averment is that he paid the bank the sum of their bid, and took an assignment of the certificate to Balph; that he afterwards procured a deed to be made to Balph; that Balph has no interest, but holds the title as a volunteer from and through such sale for the use and benefit of McCloy, the title being so held for the fraudulent purpose of preventing a resale of the land in satisfaction of the unpaid balance of the judgment. This action was not brought to obtain any judgment aganist McCloy: that judgment had already been obtained. It is now sought to subject certain land held by Balph to the payment of that judgment. The personal judgment against McCloy is in no way affected by the decree against Balph subjecting the land held by him to the payment of the judgment. The complaint avers that Balph and Balph are nonresidents of the State, and the proof shows that they have never been residents of the State. The statute of limitations does not bar the action. §298 Burns 1901. See, also, *Bottles* v. *Miller,* 112 Ind. 584; *Mozingo* v. *Ross,* 150 Ind. 688, 65 Am. St. 387.

Upon a former trial the court found in appellants' favor, but afterwards sustained a motion for a new trial. This ruling is now assigned as error. The only objection to this ruling is that the motion is not in the form required by statute, and for that reason should have been overruled. The sixth subdivision of §568 Burns 1901 is "that the verdict or decision is not sustained by sufficient evidence or is contrary to law." In the motion under consideration the causes stated are that "the finding and judgment of the court is contrary to the evidence," "the judgment and finding of the court is not sustained by the evidence," "the finding and judgment of the court is contrary to law." The trial court would have been authorized in overruling

Balph v. Magaw.

the motion because of its form. *Hubbs* v. *State, ex rel.*, 20 Ind. App. 181; *Allen* v. *Indianapolis Oil Co.*, 27 Ind. App. 158; *Famous Mfg. Co.* v. *Harmon*, 28 Ind. App. 117; *Baltimore, etc., R. Co.* v. *Daegling*, 30 Ind. App. 180; *Lynch* v. *Milwaukee Harvester Co.*, 159 Ind. 675.

But we do not think this defect in the form of the motion is available where the motion has been sustained. The court's ruling is not questioned on the merits. The trial was by the court, and we can not question the conclusions of the court that the motion was sufficient to direct its attention to the error that it had committed. If there had been a mistrial, it was the court's duty to grant a new trial, and the court's conclusion that the showing made in the motion was sufficient should not be overthrown where it can properly be said some showing was made. The court could have concluded, the trial having been by the court, that the word "finding" used in the motion was equivalent to the word "decision" *(Rodefer* v. *Fletcher*, 89 Ind. 563; *Rosenweig* v. *Frazer*, 82 Ind. 342; *Christy* v. *Smith*, 80 Ind. 573; *Wilson* v. *Vance*, 55 Ind. 394; *Gates* v. *Baltimore, etc., R. Co.*, 154 Ind. 338), and having done so, the court may have treated the word "judgment" in the motion as surplusage. "To authorize us to reverse a judgment," said the court in *Barner* v. *Bayless*, 134 Ind. 600, "on account of the abuse of the discretion of the lower court in granting a new trial, it should be made to appear —first, that there was a plain abuse of judicial discretion; second, that flagrant injustice had been done the complaining party; third, a very strong case for relief should be made." *Carthage Turnpike Co.* v. *Overman*, 19 Ind. App. 309. Appellant Balph's motion for a new trial was properly overruled. The affidavits filed in support of the motion do not show a sufficient excuse for his nonattendance at the trial. They proceeded to trial without objection. No motion was presented asking a continuance.

Appellant has discussed, to some extent, the evidence. There is evidence to sustain the court's conclusion. It is not shown that any error harmful to appellant was committed in the admission of any testimony.

We find no error in the record. Judgment affirmed.