## WISE *v.* LARKIN.

[No. 6,141.   Filed March 20, 1908.]

NEW TRIAL.—*Causes for.—Judgment "Contrary" to Evidence.*—That
the judgment of the court is "contrary to the evidence," is not a
ground for a new trial.

From Jay Circuit Court; *John F. La Follette,* Judge.

Suit by Edward Larkin against Clift Wise and another.
From a judgment against Wise, he appeals.   *Affirmed.*

*Jacob F. Denney,* for appellant.
*Smith & Moran,* for appellee.

MYERS, J.—Appellee sued appellant and the Muncie &
Portland Traction Company upon a contract for salary al-

leged to be due to him from appellant and to foreclose an alleged mechanic's lien on the property of the traction company.

The complaint was in one paragraph, to which the defendants separately answered by a general denial. The cause was tried by the court, and a general finding made in favor of plaintiff and against the defendant Wise, for $274.20, and against plaintiff and in favor of the defendant the Muncie & Portland Traction Company, and judgment was rendered in accordance with the findings. Defendant Wise appeals, and assigns as error the overruling of his motion for a new trial.

Three reasons are assigned in support of this motion. All are waived except the following: "The judgment of the court is contrary to the evidence." No such cause is specified by §585 Burns 1908, §559 R. S. 1881, and therefore cannot be regarded as presenting any question for decision. As said by the court in the case of *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675: "The statute, in plain language, names the causes which may be assigned for a new trial. It may be that, upon verdicts or findings in strict accord with the law and evidence, judgments contrary to the law and evidence are rendered. But the remedy against such errors is a motion to modify the judgment, and not a motion for a new trial." And, after referring to certain causes presenting the exact question now under consideration, it was then "held that causes for a new trial in the language of those in appellant's motion were unauthorized and insufficient in civil cases." Citing a number of cases. See, also, *Felt* v. *East Chicago, etc., Steel Co.* (1901), 27 Ind. App. 494; *Baltimore, etc., R. Co.* v. *Daegling* (1902), 30 Ind. App. 180; *Balph* v. *Magaw* (1904), 33 Ind. App. 399.

Judgment affirmed.