# KIRKLIN v. CLARK.

[No. 7,965. Filed May 6, 1913.]

1. RELEASE.—*Reply to Answer of Release.*—*Sufficiency.*—Where the complaint proceeded on the theory that a certain sum was due plaintiff for services rendered upon an implied contract, upon which plaintiff had received certain credits, and the answer averred the payment of a certain sum which plaintiff accepted and for which she executed a receipt purporting to be in full settlement of all claims, a reply to such answer admitting the payment, but charging that so much of the receipt as purports to be in full settlement is fraudulent, was not insufficient on the theory that it is an attempt to rescind for fraud without returning the amount paid, since under her theory plaintiff had a right to give credit for the payment and sue for the balance, and she was not obliged to adopt the theory presented by the answer. p. 361.

2. APPEAL.—*Questions Reviewable.*—*Refusal of Instructions.*—An assignment of error in refusing to give a certain instruction cannot be considered, where such instruction neither appears in the record nor in appellant's brief. p. 362.

3. APPEAL.—*Review.*—*Answers to Interrogatories.*—*Evidence.*—The jury's answers to interrogatories will not be disturbed on appeal, where there was some evidence to sustain them. p. 362.

4. TRIAL.—*Answers to Interrogatories.*—*Right of Jury.*—The jury is not confined to the mere statement of the witnesses to reach conclusions with respect to the evidence, but may infer, from circumstances proven, the facts found in answer to interrogatories. p. 363.

5. APPEAL.—*Review.*—*Interrogatories to Jury.*—*Form.*—Where an interrogatory double in form is propounded, without objection, and answered, it does not necessarily follow that it must be disregarded on appeal. p. 364.

6. APPEAL.—*Review.—Evidence.—Verdict.*—A verdict will not be disturbed on appeal on the ground of insufficient evidence, if there is any evidence to support it. p. 364.

7. WORK AND LABOR.—*Implied Contracts.*—Where there was evidence tending to show that plaintiff was taken into defendant's family when she was a child nine years old, and that she lived there continuously until she was thirty-six, performing all sorts of labor about the house and in the fields at appellee's request, and that when plaintiff was eighteen years old both defendant and his wife promised to pay her well for her work if she would remain with them, it cannot be said that there is any presumption that plaintiff was to continue as a member of defendant's family, especially after she had reached the age of twenty-one, and the jury had a right to determine from such evidence that plaintiff was entitled to compensation for her services. pp. 364, 365.

8. APPEAL.—*Review.—Verdict.—Conflicting Evidence.*—A verdict will not be disturbed on appeal on conflicting evidence. p. 365.

9. WORK AND LABOR.—*Contracts.—Presumptions.*—Where the relation of parent and child did not exist between plaintiff and defendant, and plaintiff could not inherit any of defendant's property upon his death, the presumptions indulged with reference to the relations between parent and child cannot prevail as against plaintiff's contention that she was to be paid for her services. p. 366.

10. APPEAL.—*Review.—Exclusion of Evidence.*—The court on appeal cannot say that the exclusion of evidence was erroneous, where no specific or vital objections are pointed out in appellant's brief. p. 366.

From Daviess Circuit Court; *Milton S. Hastings,* Special Judge.

Action by Ellen F. Clark against James J. Kirklin. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*J. B. Marshall, Hiram McCormick* and *T. D. Slimp,* for appellant.

*Frank E. Gilkison* and *Mattingly & Myers,* for appellee.

SHEA, J.—This was an action by appellee against appellant to recover for services alleged to have been rendered by her for him at his special instance and request from March, 1883, to July, 1909. The complaint alleges, in substance, that appellee, at appellant's special instance and request performed work and labor for him in and about his

house and farm from March, 1883, to July, 1909, a period of 1,368 weeks, which services were worth $2 per week over and above her board and clothing; that appellant has paid her $40, and there is still due and owing her $2,696, for which judgment is demanded. Appellant answered in three paragraphs; first, general denial. The second avers that appellee came to appellant's home when she was a small child, and was reared as a member of his family. After she reached the age of twenty-one years, she continued to remain there at her own instance and election until July, 1909; that there was never any agreement, express or implied, whereby he was to pay her for her services. The third paragraph is substantially as the second, except that it avers a settlement of the claim and sets out a receipt claimed to have been signed by appellee, which reads as follows:

"Shoals, Ind., Sept. 18, 1909.
Received from James J. Kirklin and Mary Kirklin the sum of $50.00 in full of all claim or right of action for services rendered or promise for service rendered.
Ellen F. Clark."

Appellee's demurrer to the second and third paragraphs of answer was overruled and she then filed a reply in general denial to the second, and two paragraphs of reply to the third: (1) general denial; (2) that she met appellant's wife at Shoals, Indiana, who gave her $25, and bought her a new hat costing $3; that the money was given her and she accepted it as part payment on her claim against appellant; that she signed her name as best she could to a piece of paper containing some writing which she believed to be a receipt; that she could not read or write except to imperfectly write her name; that she had previously been discharged from appellant's service, and was at work at the town of Williams, twenty-five miles away when she was called by telephone to Shoals by appellant's wife, where she was told by appellant's wife that she wanted to pay her $25.00 on her claim; that she would pay her more when

they sold the farm and they did not want appellee to sue them; that appellant's wife falsely and fraudulently told appellee that she had a receipt for the $25 which she desired appellee to sign; that relying on the statements, and believing them to be true, appellee did sign said paper; that the statements made by appellant's wife were falsely and deceitfully made for the purpose and with the fraudulent intent to deceive and induce appellee to sign the paper, which was in fact a receipt for $50, and a contract in full settlement of appellee's right of action and claim for services performed by her for appellant. She prays that the same be held for naught. Appellant's demurrer to the second paragraph of appellee's reply was overruled. The issues formed were tried by jury. Appellant's motion for a peremptory instruction directing a verdict in his favor was overruled. With its general verdict in favor of appellee, the jury returned answers to twenty-four interrogatories. Judgment on the verdict for $1,438.

Appellant assigns error of the court in overruling his demurrer to the second paragraph of appellee's reply to the third paragraph of answer; and in overruling his motion for judgment on the answers to interrogatories notwithstanding the general verdict; his motion for peremptory instruction, and his motion for a new trial. The brief in this case is subject to criticism, but there is sufficient compliance with the rules to determine the questions hereinafter stated.

The first error assigned is the overruling of the demurrer to the second paragraph of reply to the third paragraph of appellant's answer. The theory of the complaint is that there was a certain sum due appellee from appellant for services rendered upon an implied contract, upon which she had received certain credits, among others the sum of $25 cash paid her by appellant's wife. The theory of the third paragraph of answer is that appellant paid and appellee accepted $25 and certain articles in full settlement of her claim, and executed a written receipt

signed by her for $50, purporting to be in full settlement of all claims, which is made a part of the third paragraph of answer. The second paragraph of reply admits the payment of $25, but charges that so much of the alleged receipt as claims to be in full settlement, is fraudulent. Appellant insists in behalf of his demurrer that this is an effort to rescind the contract for fraud, without returning the amount paid. Many authorities are cited which uphold appellant's theory, but they have no application to the question here involved. Appellee had a right, by her theory, to give credit for the $25 as a partial payment and sue for the remainder claimed to be due. She was not obliged to adopt the theory of the case urged by appellant. *Home Ins. Co.* v. *Howard* (1887), 111 Ind. 544, 13 N. E. 103.

2. Error is next assigned upon the refusal of the trial court to peremptorily instruct the jury to return a verdict for appellant. This instruction is neither set out in the brief, nor does it appear in the record. Under Rule 22 and many decisions of this as well as the Supreme Court, this assignment can not be considered. The record discloses a motion for a peremptory instruction, but the instruction does not appear. It is also urged that the court erred in overruling appellant's motion for judgment in his favor upon the answers to interrogatories, notwithstanding the general verdict. There is no conflict between the general verdict and the answers to interrogatories, in fact, the answers go very far to disclose the motives which prompted the jury in reaching the general verdict. The objections urged thereto go rather to the sufficiency of the evidence to sustain the answers to the interrogatories. An

3. examination of the record discloses that there was some evidence to sustain every answer made by the jury. Under the well-known rule, this court will not disturb answers to interrogatories where there was evidence from which the jury might have reached such con-

clusions. *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435, 67 N. E. 183.

4.  The jury was not confined to the mere statement of witnesses to reach conclusions with respect to the evidence, but might infer from circumstances proven, the facts found in answer to interrogatories. The jury found, in substance, as follows: When about nine years of age, appellee went to appellant's home to live, and she had no other home until she left in 1909. She lived in the same house with appellant's family, ate at the same table, and she and appellant's wife prepared the meals, did milking, churning, washing and other housework. Appellee kept no account or memorandum of the work she did, nor of the articles of clothing furnished her, and at no time asked appellant to pay her, or made any claim that he owed her wages. She made no such claim at the time she left appellant's home in 1909, nor at any time before bringing suit, neither did she present appellant with a statement or account of her services. Appellee attended school a part of the time she lived with appellant, but could not read or write. After she became twenty-one years old, she told appellant that she expected pay for her work, and did not, after arriving at that age, continue of her own will to live with appellant. After leaving his home, appellant learned that appellee was threatening him with a lawsuit, and sent his wife to see her and try to compromise it. Appellee met appellant's wife, but the latter did not tell her that she and her husband were getting old and wished to avoid a lawsuit therefore they would rather give her something to compromise; that they talked over the threatened suit, but a typewritten article (the receipt set out in appellant's third paragraph of answer) was not read to her by J. B. Marshall, and appellee did not sign said instrument after it was read to her, neither did appellant's wife, in the office of J. B. Marshall, pay her $25 in compromise of any claim or pretended claim she then had against appellant.

Interrogatories Nos. 22 and 23 are drawn in such
5. a manner as might have a tendency to confuse the
jury.    On proper motion they should have been modified.    As they stand, this court cannot find that the jury
was not warranted in reaching the conclusions set out.
These interrogatories and answers thereto are as follows:
"22.    When plaintiff and defendant's wife met and talked
over the question of a threatened lawsuit against defendant,
was there a typewritten article, in words and figures following read by J. B. Marshall to plaintiff:    'Shoals, Ind.,
Sept. 18th, 1909.    Received from James J. Kirklin and
Mary Kirklin the sum of $50.00 in full of all claim or right
of action for services rendered or promise for service rendered.    Ellen F. Clark'?    A.    No.    23.    Did the plaintiff
sign said instrument in writing and deliver it to defendant's wife, after the same was read to her?    A.    No."    It
has been held that where an interrogatory double in form
is propounded, without objection, and answered, it does not
necessarily follow that it must be disregarded on appeal.
*Van Hook* v. *Young* (1902), 29 Ind. App. 471, 64 N. E. 670.

Under his motion for a new trial appellant as-
6. signs that the verdict is not sustained by sufficient
evidence and is contrary to law.    As stated above,
there is some evidence to support the verdict.    On some
points it may be held to be meager, yet this court cannot
disturb the verdict if there is any evidence to support it.

The evidence tends to show that appellee in this case
7. was taken into appellant's family when she was a
child nine years old, and lived there continuously
until she was thirty-six, performing all sorts of labor about
the house, as well as in the fields, all at appellant's request.
Some of the evidence tends to show very strongly that she
was required to and did do a man's work in the fields.    The
jury had a right to believe this evidence, although it is very
strongly assailed by appellant.    It cannot be said there
was a presumption indulged that she was to continue to

live as a member of the family after she had reached the age of twenty-one, especially, and the jury had a right to determine from the evidence in this case that she believed, expected, and was entitled to compensation for her services. *Eppert* v. *Gardner* (1911), 48 Ind. App. 188, 93 N. E. 550. Appellee testified as follows: "She (meaning appellant's wife) said if I would stay there and work for them they would pay me well for my work." Appellee at that time was eighteen years old. No amount was agreed upon or stated. Appellee also testified: "Well, he (meaning appellant) was talking and said if I would stay there and work for them, they would pay me well for my work." There is much conflict in the evidence, but that was a matter wholly for the jury, and this court can not disturb a verdict on conflicting evidence. In the case of *Eppert* v. *Gardner, supra,* the court quotes the following language from *Crampton* v. *Logan* (1902), 28 Ind. App. 405, 408, 63 N. E. 501: "And if the circumstances authorized the person rendering the services reasonably to expect payment therefor, by way of furtherance of the intention of the parties, or because reason and justice require compensation, the law will imply a contract therefor." It is further said on page 193: "There is some evidence tending to prove a contract between appellee and her father; at least enough to rebut the presumption that the services were rendered by her gratuitously, and the rule is well settled that where it is the province of the jury to decide questions of fact, that decision will not be disturbed, if there is any evidence presented to sustain the verdict." See, also, *Wallace* v. *Long* (1886), 105 Ind. 522, 5 N. E. 666, 55 Am. Rep. 222; *Story* v. *Story* (1891), 1 Ind. App. 284, 27 N. E. 572; *Knight* v. *Knight* (1893), 6 Ind. App. 268, 33 N. E. 456; *Forester* v. *Forester* (1894), 10 Ind. App. 680, 38 N. E. 426; *Miller* v. *Miller* (1911), 47 Ind. App. 239, 94 N. E. 243. Although appellee had been a member of appellant's household from the time she was nine

years old, yet the relation of parent and child did
9. not exist. She could not inherit any of appellant's
property upon his death, and therefore any presumptions that might be indulged with reference to the relations between a child and parent can not prevail in this case.

Objection is made to the admission of certain evidence. No specific or vital objections are pointed out
10. dence.
in appellant's brief to the admission of this evidence, and we can not say from the record that error was committed in admitting it. *Franklin* v. *Lee* (1902), 30 Ind. App. 31, 62 N. E. 78; *Baltimore, etc., R. Co.* v. *Daegling* (1902), 30 Ind. App. 180, 65 N. E. 761.

Judgment affirmed.

NOTE.—Reported in 101 N. E. 753. See, also, under (1) 34 Cyc. 1097; (2) 3 Cyc. 170; (3, 6) 3 Cyc. 348; (4) 38 Cyc. 1517; (5) 38 Cyc. 1916, 1932; (7) 40 Cyc. 2845; (8) 3 Cyc. 349; (10) 2 Cyc 1014, 1015. As to presumption that services rendered by relative are gratuitous see 133 Am. St. 250. On the question of the implication of an agreement to pay for services rendered by relative or member of household, see 11 L. R. A. (N. S.) 873.