## FEDERAL CASUALTY COMPANY *v.* TAYLOR.

[No. 8,023. Filed June 17, 1913.]

1. INSURANCE.—*Actions.—Complaint.—Sufficiency.—Performance of Conditions.*—A complaint on an accident insurance contract which sets out the contract as an exhibit and alleges generally the performance of all the conditions thereof by the plaintiff, and also states the time, place and nature of the injury suffered by plaintiff, was sufficient to withstand a demurrer. p. 566.

2. APPEAL.—*Questions Reviewable.—Sufficiency of Evidence.*—No question can be presented on appeal on the sufficiency of the evidence unless its insufficiency was assigned in the motion as a cause for new trial. p. 566.

From Superior Court of Marion County (82,544); *Charles J. Orbison,* Judge.

Action by William F. Taylor against the Federal Casualty Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*George Burkhart,* for appellant.

*F. F. James,* for appellee.

ADAMS, C. J.—This was an action by appellee against appellant on a contract of insurance, wherein appellant, in consideration of a certain monthly premium, ageed to pay appellee a stipulated indemnity in case of total or partial

disability, on account of accident. The action was originally brought before a justice of the peace, where a judgment was rendered in favor of appellee, from which appellant appealed to the Marion Circuit Court, where the cause was transferred to the Marion Superior Court, and a second paragraph of complaint filed. A demurrer for want of sufficient facts was addressed to this paragraph of complaint, and overruled by the court. Trial by jury, verdict and judgment for appellee.

The errors assigned and relied on for reversal are, the overruling of appellant's demurrer to the second paragraph of complaint, and the overruling of appellant's motion for a new trial. As to the first error assigned, it is sufficient to say that the contract sued on was set out as an

1.    exhibit to the second paragraph of the complaint, full performance of all the conditions of the contract on the part of appellee was alleged, and the time, place and nature of the injury suffered by him fully set out. Section 376 Burns 1908, §370 R. S. 1881, provides that ''In pleading the performance of a condition precedent in a contract, it shall be sufficient to allege, generally, that the party performed all the conditions on his part. If the allegation be denied, the facts showing a performance must be proved on the trial.'' There was no error in overruling a demurrer to this paragraph of complaint. *Pacific, etc., Ins. Co.* v. *Turner* (1897), 17 Ind. App. 644, 47 N. E. 231; *Voluntary Relief Dept., etc.* v. *Spencer* (1897), 17 Ind. App. 123, 125, 46 N. E. 477.

Under the second assignment of error, appellant

2.    insists that the evidence fails to show that the contract of insurance was in force at the time appellee was injured. While the motion for a new trial is not set out in appellant's brief, we have examined the record, and find that the insufficiency of the evidence to sustain the verdict is not assigned in the motion as a cause for a new trial. Without such assignment, no question is presented on the

sufficiency of the evidence. *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 342, 56 N. E. 722; *Stevens* v. *Leonard* (1900), 154 Ind. 67, 69, 56 N. E. 27, 77 Am. St. 446; *Baltimore, etc., R. Co.* v. *Daegling* (1902), 30 Ind. App. 180, 182, 65 N. E. 761; *Hubbs* v. *State, ex rel.* (1898), 20 Ind. App. 181, 182, 50 N. E. 402.

The judgment is affirmed.

NOTE.—Reported in 102 N. E. 146. See, also, under (1) 1 Cyc. 285, 286; (2) 29 Cyc. 747, 748.