## HERROLD *v.* WICKERSHAM.

[No. 8,077.    Filed October 7, 1913.]

1. APPEAL.—*Review.—Evidence.—Sufficiency.*—In an action to collect rent, although the evidence in support of the complaint showed a balance due plaintiff, where there was evidence tending to support every material averment of defendant's special answer, the court cannot say as a matter of law that a verdict for defendant was not supported by sufficient evidence. p. 131.

From Laporte Circuit Court; *James F. Gallaher*, Judge.

Action by Henry Herrold against James F. Wickersham. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Frank E. Osborn, Wm. A. McVey* and *Lee L. Osborn*, for appellant.

*Hickey & Wolfe*, for appellee.

FELT, J.—This is a suit by appellant to collect rent from appellee. The complaint was in two paragraphs. The first alleges an indebtedness of $370.70 for grain, hay, and pasture, which amount it is charged defendant has appropriated to his own use. The second paragraph alleges that plaintiff on June 19, 1908, purchased and became the owner of a farm in Laporte County, Indiana, which was at the time occupied by defendant as tenant; that by the terms of said purchase he was entitled to the landlord's share of the rents; that the defendant retained possession of the farm until March 1, 1909, and failed and refused upon demand to account for and pay the rents from said land, which are shown by bill of particulars to be in part an acreage rental for pasture, and part for hay, grain and potatoes raised on the farm.

The complaint was answered by general denial and by a special paragraph of answer which alleges in substance that prior to plaintiff's purchase of said land defendant was, and for more than twenty years had been, in possession of said land as tenant of James Wickersham the former owner thereof who deeded the same to the grantors of plaintiff with whom the same lease was continued; that paintiff obtained title to said land with full knowledge of said tenancy and the terms thereof; that by the terms of said tenancy he was to pay a rental of $4 per acre for ten acres and give one-half the crops raised on the other land except certain pasture lands, the rent for which was paid by him in labor; that defendant has fully complied with his lease and

has paid and accounted for all rents due plaintiff according to the terms thereof.

To this paragraph of answer plaintiff filed reply in general denial. The cause was submitted to a jury and a verdict was returned for appellee. Appellant's motion for a new trial was overruled and judgment rendered on the verdict.

The only error assigned is that the court erred in overruling appellant's motion for a new trial. A new trial was asked on the ground that the verdict of the jury is contrary to law, and is not sustained by sufficient evidence. Appellant insists that the record shows by undisputed evidence that there was at least $50 due him. As shown by the pleadings, appellant and appellee differed as to the terms of the lease. Looking only to the complaint and the proof in support thereof, it appears that a balance is due appellant, but appellee was entitled to make proof according to the theory of his answer which he did. There is evidence tending to support every material averment of the special answer. This court does not weigh conflicting evidence, and we cannot therefore say as a matter of law that the verdict is not supported by sufficient evidence, or that it is contrary to law.

Judgment affirmed.

NOTE.—Reported in 102 N. E. 845. See, also, 3 Cyc. 348.