## BRADFORD *v.* WEGG ET AL.

[No. 7,927.   Filed October 10, 1913.   Rehearing denied December 12, 1913.   Transfer denied April 3, 1914.]

1. APPEAL.—*Assignment of Errors.—Causes for New Trial.*—Assignments of error, which, in so far as they are available for any purpose, are causes for a new trial, present no questions on appeal.   p. 40.

2. NEW TRIAL.—*Causes for New Trial.—Motions.*—Under subd. 6, §585 Burns 1908, §559 R. S. 1881, authorizing the granting of a new trial where the decision of the court is not sustained by sufficient evidence, or is contrary to law, though the use of the word "finding" instead of "decision" in a motion for new trial does not render the assignment bad, a motion on the grounds "that the finding in the judgment of the court was not sustained by sufficient evidence," and "that the finding and judgment of the court is contrary to law," presents no question.   p. 40.

3. QUIETING TITLE.—*Cross-Complaint.—Sufficiency.—Initial Attack on Appeal.*—In an action to quiet title, a cross-complaint alleging that cross-complainant was the owner in fee simple of certain real estate including the land in controversy, and that plaintiff claimed some right, title or interest in the same, or part thereof, which claim is unfounded and a cloud on cross-complainant's title, was not only sufficient as against initial attack on appeal, but would have withstood a demurrer.   p. 41.

From Lake Circuit Court; *W. C. McMahan,* Judge.

Action by Henry A. Bradford against Fred J. Wegg and others. From the judgment rendered, the plaintiff appeals. *Affirmed.*

*Will R. Wood, Augustin Boice, Ansil M. Lasley, Frank A. Lasley* and *Adrain L. Courtright,* for appellant.

*Frank B. Pattee, Mary M. Bartelme* and *Frank W. Swett,* for appellees.

FELT, J.—This is a suit by appellant against Fred J. Wegg, Martha R. Mathews, *et al.* to quiet title to certain real estate in the town of Gary, Lake County, Indiana. Appellee, Mathews, filed a cross-complaint against plaintiff, to quiet her title to the part of the real estate in controversy. The court found for the cross-complainant and rendered

judgment in her favor, quieting her title to the real estate and also decreed that the plaintiff take nothing by his complaint. Appellant has appealed from this judgment and assigned ten separate specifications of error.

Assignments Nos. 2 to 9 inclusive cover numerous particulars in which it is alleged the finding and judgment of the court are not sustained by sufficient evidence.

1. Waiving objection to the form of these assignments, it is sufficient to note that in so far as they might be available for any purpose, they are causes for a new trial and not ground for independent assignment of error, and are therefore unavailing. *Migatz* v. *Stieglitz* (1906), 166 Ind. 361, 364, 77 N. E. 400; *Crawford* v. *State* (1901), 155 Ind. 692, 57 N. E. 931; *Aurelius* v. *Lake Erie, etc., R. Co.* (1898), 19 Ind. App. 584, 595, 49 N. E. 857.

The first error assigned is that the court erred in overruling appellant's motion for a new trial. The new trial was asked on the ground: (1) "That the finding 2. in the judgment of the court was not sustained by sufficient evidence"; (2) "that the finding and judgment of the court is contrary to law." The reasons for new trial here attempted to be alleged come under subd. 6, §585 Burns 1908, §559 R. S. 1881. Where the trial is by the court the use of the word "finding" instead of "decision" does not render the assignment bad, but the statute does not authorize the granting of a new trial for the reasons stated in the motion. This provision of the statute authorizes the granting of a new trial where the decision of the court is not sustained by sufficient evidence, or where the decision is contrary to law. These are separate and distinct causes plainly stated in the statute, which do not authorize the joining of the two as was attempted in this case in the motion for a new trial. The statute is plain and unambiguous and has been construed many times. We are not at liberty to enlarge it or to depart from the construction placed thereon by the Supreme and Appel-

late Courts in former decisions. The identical language employed by appellant in the second alleged cause for a new trial has been held insufficient and unauthorized by the statute. The language used in stating the first cause for a new trial is practically the same as that of the second, is ambiguous and is not authorized by the statute. The motion for a new trial fails to present any cause for a new trial authorized by the statute and is therefore insufficient. *Hall* v. *McDonald* (1908), 171 Ind. 9, 18, 85 N. E. 707; *Lynch* v. *Milwaukee Harvester Co.* (1903), 159 Ind. 675, 65 N. E. 1025; *Gates* v. *Baltimore, etc., R. Co.* (1900), 154 Ind. 338, 342, 56 N. E. 722; *Balph* v. *Magaw* (1904), 33 Ind. App. 399, 402, 70 N. E. 188; *Famous Mfg. Co.* v. *Harmon* (1901), 28 Ind. App. 117, 118, 62 N. E. 306; *Baltimore, etc., R. Co.* v. *Daegling* (1902), 30 Ind. App. 180, 65 N. E. 761.

The cross-complaint of Martha R. Mathews was against the plaintiff, Henry A. Bradford, and alleged in substance that she was the owner in fee simple of certain real 3. estate including the portion in controversy; that the plaintiff claimed some right, title or interest in the same, or part thereof, which claim is unfounded and a cloud on cross-complainant's title thereto. The cross-complaint states a good cause of action and would have been sufficient to withstand a demurrer. But as questioned here for the first time on appeal, it falls within the rule that it will be held sufficient if it does not wholly omit any essential averment and is sufficient to bar another suit for the same cause of action.

There is no available error shown by the record. Judgment affirmed.

NOTE.—Reported in 102 N. E. 845. See, also, under (1) 2 Cyc. 999; (2) 29 Cyc. 953; (3) 32 Cyc. 1363, 1364.