CITIZENS LOAN AND TRUST COMPANY OF LEBANON, INDIANA, ADMINISTRATOR, *v.* TAYLOR.

[No. 13,513. Filed December 12, 1929. Rehearing denied February 21, 1930.]

*Roy W. Adney* and *Parr & Parr*, for appellant.
*Rogers & Smith, Walter St. Clair, James M. Berryhill* and *Edwin C. Berryhill*, for appellee.

NICHOLS, J.—Action by appellee, by claim filed against the estate of Jonas Byrkett, deceased, being appellant's decedent, to recover for services alleged to have been rendered in behalf of him and his wife, who died prior to his death, in caring for them during their respective periods of illness, and in assisting and aiding the decedent in attending to his personal and private business affairs.

The cause was submitted to the jury for trial, which returned a verdict in favor of appellee for $2,600. Upon this verdict, the court rendered judgment from which this appeal.

The only error relied on for reversal is the court's action in overruling appellant's motion for a new trial, under which appellant presents that the evidence is insufficient to sustain the verdict, that the verdict is contrary to law, that the amount of recovery is too large, and that the court erred in instructing the jury.

It appears by the evidence that appellee, at the age of two and one-half years, was taken into the family of Byrkett, the decedent, and treated as a member of the family until he was about 16 years old. He then went to work for himself, but, on occasions, returned and stayed at the Byrkett home, but when he was 19 years of age, he married and rented the home farm. Byrkett and his wife vacated the farm, moved to Zionsville, and later purchased a 17-acre tract adjoining the home farm

and moved upon it. Appellee was paying rent for the farm and was not a member of the Byrkett family, but maintained his own separate family and separate home. The farm on which he lived adjoined the 17-acre tract occupied by Byrkett, who was growing old and needed the assistance of someone to do the chores and the hard work. At the time appellee began rendering services for Byrkett, there was no express agreement entered into as to payment for services, but it appears by the evidence that appellee, practically every day for about 18 years, assisted Byrkett and his wife in doing the chores, helping with the milking, feeding, hauling, repairing of buildings and fences, going to market, assisting in illness, and that he responded at any and all times to every call for his services. During this time, on various occasions, Byrkett expressed to his neighbors and friends his appreciation of the services thus rendered and said that he intended that appellee should be well paid, that he intended for him to have a home, and that he meant so to provide that appellee would get the 17-acre tract. When appellee had decided that he would cease to be a tenant and buy a place of his own, four or five years prior to Byrkett's death, Byrkett persuaded appellee not to do so, telling him that his services were needed and that he intended for appellee to have the 17-acre tract. It also appears that Byrkett had made a will, but the will was not probated, because, as testified by a daughter of the decedent, it "was not in existence at the time of my father's death." Appellee did not buy a place or leave Byrkett, who said that appellee should not lose anything, and that appellee would be well paid for his services, and that he had never paid appellee anything, but intended that he should be well taken care of—that he loved him as a son.

The evidence is abundant and forceful, not only that appellee rendered a faithful service, but also that Byr-

kett intended that he should be well paid therefor. There was evidence of the value of services rendered that would have sustained a larger verdict than was returned. Appellant contends that appellee is compelled to rely upon an implied contract and that there is no evidence to sustain it. But we hold to the contrary. The rule that should prevail under circumstances such as here is thus stated in *Kirklin* v. *Clark* (1913), 53 Ind. App. 358, 101 N. E. 753: "'And if the circumstances authorized the person rendering the services reasonably to expect payment therefor, . . . the law will imply a contract therefor. . . . There is some evidence tending to prove a contract, . . . at least to rebut the presumption that services were rendered gratuitously.' Although appellee had been a member of appellant's household from the time she was nine years old, yet the relation of parent and child did not exist. She could not inherit any of appellant's property upon his death, and therefore any presumption that might be indulged with reference to the relations between a child and parent can not prevail in this case."

In *Richmire, Admr.,* v. *Deardurff* (1927), 86 Ind. App. 31, 155 N. E. 720, the court stated that: "It is contended by appellant that, in the absence of an express contract to pay for the services, it will be presumed that the services were gratuitously rendered and that there can be no recovery. The law is otherwise. Where the services are performed by one not a member of recipient's family, an agreement to pay may be implied from the mutual relations, the situation and conduct of the parties, and from the nature and character of the services rendered."

Authorities cited by appellant are not in point under the circumstances of this case. It does not appear that the instructions were in any way made a part of the record, and, even if they had been,

appellant has waived his objections thereto by failing specifically to point out the errors therein.

Judgment affirmed.